## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Flowers,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Jeff Anderson, Jeff Anderson & Associates, P.A., and Gregg Meyers,<br><br>　　　　　　Defendants. | Case No.: 2:17–cv–02739–RMG–MGB |

**DEFENDANTS' JEFF ANDERSON AND JEFF ANDERSON AND ASSOCIATES, P.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM, AND TO STAY DISCOVERY**

Rutledge Young III (Fed. Bar No. 7260)
**DUFFY & YOUNG, LLC**
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com

Barry M. Landy (MN #391307), *pro hac vice application pending*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
E-mail: bml@ciresiconlin.com

*Attorneys for Defendants Jeff Anderson and*
*Jeff Anderson & Associates, P.A.*

**INTRODUCTION**

Plaintiff David Flowers' Complaint against Defendants Jeff Anderson and Jeff Anderson & Associates, P.A. (collectively "JAA") has no basis in law. The central allegation in Mr. Flowers' Complaint is that JAA has interfered with his "right" to 50% of any contingency fee recovered on cases he referred to JAA's former employee, Defendant Gregg Meyers. When Mr. Meyers was terminated from JAA in 2016, eleven clients that had been referred by Mr. Flowers elected to remain with Mr. Meyers. Litigation ensued between Mr. Meyers and JAA, ultimately resulting in a settlement agreement that was read into the record in Minnesota state court. The settlement agreement provides that Mr. Meyers is obligated to pay Mr. Flowers 50% of any contingency fee recovered for any case Mr. Flowers referred to Mr. Meyers while Mr. Meyers was employed by JAA—the exact relief Mr. Flowers' seeks in his Complaint. Thus, the allegations in Mr. Flowers' complaint are moot. Accordingly, JAA respectfully requests that the Court grant its Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. JAA also requests that the Court stay discovery pending resolution of this motion.

**BACKGROUND**

**A.    The Parties.**

Plaintiff David Flowers is a former attorney who voluntarily "placed himself on inactive status in September 2011 and has not practiced law since." (Compl. ¶ 12.) The South Carolina Supreme Court suspended Mr. Flowers from practice in 2013 for failing to file federal income tax returns for the tax years 2007 through 2010. *In re Flowers*, 741 S.E.2d 759 (S.C. 2013).

Defendant Jeff Anderson is the principal at Defendant law firm Jeff Anderson & Associates, P.A. (collectively "JAA"). (Compl. ¶¶ 2–3.) JAA specializes in representing and advocating for victims of sexual abuse across the nation. (*See id.* ¶ 3.) JAA employed Defendant Gregg Meyers

1

as an attorney from June 1, 2011 to September 30, 2016. (*See id.* ¶ 4.) JAA terminated Mr. Meyers in September 2016. (Landy Decl. Ex. A.)[1]

Between 1997 and 2011, before Mr. Meyers joined JAA, Mr. Flowers worked in "tandem with [Mr. Meyers] on a number of cases prosecuted in the courts of South Carolina, mostly on behalf of victims of sexual abuse." (Compl. ¶ 9.) Mr. Flowers contends that throughout the time he worked with Mr. Meyers, they "had a long-standing agreement to share fees earned on cases on a 50-50 basis." (*Id.* ¶ 10.)

**B.     JAA Files a Complaint Against Mr. Meyers in Minnesota.**

When JAA terminated Mr. Meyers, JAA informed Mr. Meyers that he would be responsible for communicating with any clients he worked closely with to determine whether they elected to retain him after he was required to leave JAA (the "Contested Clients"). (Landy Ex. A.) Ultimately, 29 Contested Clients elected to retain Mr. Meyers when he departed from JAA. (*Id.*) When Mr. Meyers left JAA, he made baseless allegations that JAA and he reached no agreement on the split of the contingent fees recovered on the Contested Clients' cases. (*Id.*) As a result, JAA secured a lien over the fees recovered in the Contested Clients' cases. (*Id.*) JAA then served Mr. Meyers with a Summons and Complaint in Minnesota state court on March 21, 2017 alleging unjust enrichment/*quantum meruit* (Count I) and promissory estoppel (Count II). (*Id.*)

---

[1] In ruling on a motion to dismiss under Rule 12(b)(1), the court may consider exhibits outside the pleadings. *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995). The court's consideration of materials outside the pleadings, such as affidavits, depositions, or live testimony, does not convert the Rule 12(b)(1) motion into a motion for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Additionally, a court may take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316 n.4 (D. Md. 2014) *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (taking judicial notice of state court docket entries).

**C.     After JAA Filed Its Complaint in Minnesota, Mr. Meyers Filed a Motion in South Carolina to Determine the Allocation of Fees in the John Doe 10 Case.**

One of the Contested Client matters was *John Doe 10*. In 2010, John Doe 10 engaged Mr. Meyers to bring an action against the Diocese related to childhood sexual abuse in South Carolina state court. Apparently, Mr. Flowers referred John Doe 10 to Mr. Meyers. (Compl. ¶ 15.) In June 2011, when Mr. Meyers began working at JAA, he brought John Doe 10's case (along with other cases) with him to JAA. (Landy Decl. Ex. A.) When JAA required Mr. Meyers to leave JAA in September 2016, John Doe 10 was one of the Contested Clients that elected to remain with Mr. Meyers. (*Id.* Ex. B.)

In May 2017—two months after JAA filed the Minnesota state court action—Mr. Meyers reached a partial settlement on the *John Doe 10* case. (*Id.*) On May 24, 2017, Mr. Meyers filed a motion in the *John Doe 10* case to "ascertain and allocate attorney fees" between JAA and Mr. Meyers. (*Id.*) The motion was based on the identical factual and legal issues involved in the Minnesota action. (*Compare id.* Ex. A, *with* Ex. B.) JAA then brought a motion requesting the Minnesota court enjoin Mr. Meyers from attempting to circumvent the Minnesota court's jurisdiction to resolve the dispute regarding all Contested Client Cases. (*Id.* Ex. C.)

**D.     JAA and Mr. Meyers Settled the Minnesota Action, Which Obligated Payment to Mr. Flowers of 50% of Any Fee Recovered on a Case Referred by Him to Mr. Meyers.**

On June 22, 2017, JAA and Mr. Meyers appeared in Minnesota state court regarding JAA's motion for an injunction and Mr. Meyers' motion to dismiss. (Landy Decl. Ex. D.) Before the hearing on the motions, JAA and Mr. Meyers reach an agreement regarding the fee split for all of the Contested Client cases. (*Id.*) The parties read the agreement into the record in Court. (*Id.*) Of the 29 Contested Client cases, Mr. Flowers referred eleven of the clients to Mr. Meyers. (*Id.*) For those eleven clients—including the *John Doe 10* matter—the parties reached an agreement that

3

50% of the contingency fee recovered on those cases would be paid to Mr. Flowers as the referring attorney. (*See, e.g.*, *id.* at 5:21–25 ("50 percent to the referring attorney to the defendant, David Flowers"); *id.* at 6:1–5 ("50 percent will be going to the referring attorney, David Flowers"); *id.* 8:20–22 ("[T]he fee split is 50 percent to the referring attorney, David Flowers.").)

On June 28, 2017, six days after JAA and Mr. Meyers reached a settlement, the South Carolina state court issued an order regarding the fee split for the *John Doe 10* matter. (Landy Decl. Ex. E.) The Order states, in relevant part:

> Plaintiff's counsel has moved the court (a) on May 24, 2017 to ascertain and allocate attorneys fees from a settlement reached in the litigation for John Doe 10, and (b) on June 1, 2017 for leave to distribute attorneys fees to former co-counsel, David Flowers, for work performed on the cases prior to September, 2011, when he voluntarily ceased to practice law and assumed inactive status. An objection to the fee allocation had been made in each instance by Jeff Anderson & Associates, P.A. (JAA), which employed Gregg Meyers for a period of time. JAA has petitioned to intervene. The petition to intervene is granted by consent.
>
> The court is now informed that a comprehensive agreement between Mr. Meyers and JAA as to each of the cases in which clients elected Mr. Meyers for their continued representation. That comprehensive agreement was reached on Thursday, June 22. Consistent with that agreement, the Court approves distribution of the attorneys fees in the following cases involving the Diocese, which have settled as to the claims against the Diocese:
>
> John Doe 10:
>
>> To David Flowers, 50%
>> To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers

(*Id.*)

### E.     Mr. Flowers Commences an Action in South Carolina State Court Against JAA.

On September 15, 2017, Mr. Flowers provided JAA's counsel with a copy of a Complaint he filed in South Carolina state court against JAA and Mr. Meyers.[2] Mr. Flowers alleged that

---

[2] The Complaint was filed in South Carolina state court on June 15, 2017—one week after JAA and Mr. Meyers reached a comprehensive agreement regarding the Contested Clients' cases and

4

between 1997 and 2011 he worked in "tandem with Defendant Gregg Meyers on a number of cases prosecuted in the courts of South Carolina, mostly on behalf of victims of sexual abuse." (Compl. ¶ 9.) Mr. Flowers further alleged that throughout the time he worked with Mr. Meyers, they "had a long-standing agreement to share fees earned on cases on a 50-50 basis." (*Id.* ¶ 10.) Mr. Flowers also asserted that when he left practice in 2011 Mr. Meyers continued to prosecute cases in which he "maintained a legal interest in any attorney's fees obtain in those cases." (*Id.* ¶ 13.)

Mr. Flowers' Complaint contains four counts. First, Mr. Flowers alleges two counts of tortious interference with a contract against JAA related to the *John Doe 10* case. (*Id.* at 2–6.) Second, Mr. Flowers alleges a count under the South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA") against JAA related to liens JAA asserted against the attorneys' fees regarding the Contested Clients' cases in South Carolina state court. (*Id.* at 6–7.) Last, Mr. Flowers alleges a count for declaratory judgment against JAA to determine the amount of fees that he should obtain on any of the Contested Clients' cases he worked on with Mr. Meyers. (*Id.* at 7–9.)

For the reasons set forth below, the Court should grant JAA's motion to dismiss for lack of subject matter jurisdiction or failure to state a claim as Mr. Flowers' claims against JAA lack any legal basis and have been mooted by JAA and Mr. Meyer's comprehensive settlement agreement.

## ARGUMENT

The appropriate means for challenging the mootness of a case is a motion under Fed. R. Civ. P. 12(b)(1). *Estate of Peeples v. Barnwell Cty. Hosp.*, No. 1:13–cv–01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014). The burden of showing subject matter jurisdiction on a Rule 12(b)(1) motion rests with the party invoking it. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

---

agreed to provide Mr. Flowers 50% of contingent fee earned on cases he referred to Mr. Meyers. JAA accepted service of the Complaint on September 26, 2017.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The controversy must be present at all stages of review. *Id.* A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue and must dismiss the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). It is well-settled that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002); *see also Steffel v. Thompson,* 415 U.S. 452, 460 n.10 (1974) (holding that if at any point in the proceedings there is no actual controversy, the case should be dismissed as moot); *Byrd v. Irmo High Sch.*, 468 S.E.2d 861, 864 (S.C. 1996) ("This [c]ourt will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."). When court determines a plaintiff's claim is rendered moot, the court is divested of subject matter jurisdiction to decide the questions presented in the case and must dismiss the action. *Simmons v. United Mortgage and Loan Inv., LLC*, 634 F.3d 754, 762 (4th Cir. 2011); *Estate of Peeples*, 2014 WL 607586, at *5 (granting motion to dismiss under Rule 12(b)(1) because the claim was moot); *Alexander v. Barnwell County Hosp.*, No. 1:13–cv–02032, 2014 WL 607669, at *8 (D.S.C. Feb. 14, 2014) (same); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Additionally, a court should grant a Rule 12(b)(6) motion to dismiss for failure to state a claim if it appears certain that the plaintiff cannot prove any set of facts that would support his claim that would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

6

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court should grant JAA's motion to dismiss Mr. Flowers' Complaint for the reasons set forth below.

### I.    Mr. Flowers' Claims for Tortious Interference with a Contract (Count I and II) Are Moot and Fail to State a Claim.

Mr. Flowers' claims for tortious interference with a contract are moot and fail to state a claim under South Carolina law. The elements for a claim of tortious interference with a contract are: (1) the existence of a contract; (2) the defendant's knowledge of the contract; (3) intentional procurement of the contract's breach; (4) absence of justification; and (5) damages resulting therefrom. *DeBerry v. McCain*, 274 S.E.2d 293, 296 (S.C. 1981). South Carolina courts regularly dismiss actions for tortious interference with a contract where the plaintiff failed to adequately allege all elements of the claim. *See, e.g.*, *Assa'ad-Faltas v. Dryre*, No. 2011–UP–033, 2011 WL 11733048, at *3 (S.C. Ct. App. Jan. 26, 2011) (dismissing claim for tortious interference with a contract); Machinery *Solutions, Inc. v. Doosan Corp.*, No. 3:15–cv–03447, 2016 WL 2756429, at *6 (D.S.C. May 12, 2016) (same); *Sellers v. S.C. Autism Society, Inc.*, No. 3:11–cv–2163, 2012 WL 1015807, at *6 (D.S.C. Feb 22, 2012) (same).

Mr. Flowers' Complaint for tortious interference with a contract fails because it does not and cannot allege that JAA has interfered with Mr. Flowers' receipt of 50% of any contingency

7

fee for John Doe 10's case. Count I and Count II of Mr. Flowers' Complaint both allege that "Plaintiff has a legal and binding interest in a contract with a former client known as John Doe 10" and Mr. Meyers' "recently settled John Doe 10's case." (Compl. ¶¶ 15, 17, 33.) Mr. Flowers' further alleges that "[a] local law firm . . . is holding the fee in its trust account" and that he "is entitled to receive 50% of the fee which is now being held in trust." (*Id.* ¶¶ 18–19, 34–35.) The Complaint further asserts that the "law firm holding the fee in trust has sought to disburse the fee to Plaintiff and cannot due to [JAA]'s assertion of a claim." (*Id.* ¶¶ 25, 41.)

The allegations in Mr. Flowers' Complaint are false in light of undisputed public court records. Specifically, on June 22, 2017, JAA settled its lawsuit with Mr. Meyers. That settlement obligated Mr. Meyers to provide Mr. Flowers 50% of the contingency fee earned on any matter Mr. Flowers referred to him that he worked on while at JAA. (*See* Landy Decl. Ex. D.) Six days later on June 28, 2017, Judge Nicholson, Jr. of Charleston County Court in South Carolina ordered that 50% of all fees recovered on the John Doe 10 case be dispersed to Mr. Flowers. (*Id.* Ex. E.) JAA did not object to the disbursement of these fees pursuant to its agreement with Mr. Meyers. As such, Mr. Flowers' allegation that "[t]he law firm holding the fee in trust [related to John Doe 10] has sought to disburse the fee to Plaintiff and cannot due to [JAA's] assertion of a claim" is false and the Complaint's tortious interference with a contract claim is now moot. *Bellamy v. Meachem*, No. 4:11-CV-0058-JMC-TER, 2011 WL 5403395, at *2 (D.S.C. Oct. 17, 2011), *report and recommendation adopted*, No. 4:11-CV-0058-JMC, 2011 WL 5404058 (D.S.C. Nov. 7, 2011) ("[B]ecause the relief requested by Plaintiffs is no longer available, their claim . . . is moot, this court lacks subject-matter jurisdiction, and dismissal is required."). JAA therefore respectfully requests that the Court dismiss Counts I and II of Mr. Meyer's Complaint.

8

## II. Mr. Flowers' Claim Alleging a Violation of the South Carolina Unfair and Deceptive Trade Practices Act (Count III) Is Moot and Fails to State a Claim.

Count III—alleging a claim under the South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA")—is legally deficient. To establish a SCUTPA claim, a plaintiff must demonstrate: "(1) the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Network Computing Servs. Corp. v. Cisco Sys., Inc.*, 152 F. App'x 317, 320 (4th Cir. 2005). Conduct "that affects only the parties to the transaction provides no basis for a SCUTPA claim." *Morgan v. HSBC Bank USA, NA.*, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015). An impact on "public interest may be shown if the acts or practices have the potential for repetition." *Id.* A claim under SCUTPA is inadequate where it "fails to allege any specific procedures or business practices that create the potential for repetition." *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12–cv–01682, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013).

Because JAA has entered into a settlement agreement with Mr. Meyers requiring that Mr. Flowers be paid 50% of any contingency fee on any case that he referred to Mr. Meyers while he worked at JAA, Mr. Flower's claim under the SCUTPA is moot and the Complaint does not and cannot show acts or practices that have the potential for repetition. Thus, Count III fails as a matter of law. *See, e.g., Martin v. A. Celli Nonwovens Spa*, No. 7:14–cv–03508, 2014 WL 5488423, at *3 (D.S.C. Oct. 29, 2014) (dismissing SCUTPA claim because the plaintiff failed to allege sufficient factual matter to support a plausible claim that its allegations were capable of repetition); *Ethox Chem., LLC*, 2013 WL 41001, at *3 (dismissing SCUTPA claim because "the complaint fails to allege any specific procedures or business practices that create the potential for repetition

9

[and] the outcome of this case will affect only the parties and not the broader public.").[3] JAA therefore respectfully requests that the Court dismiss Count III with prejudice.

### III. Mr. Flowers' Claim for Declaratory Judgment (Count IV) Is Moot and Fails to State a Claim.

Count IV—seeking declaratory judgment against JAA—also fails as matter of law. Count IV alleges "it is reasonably anticipated that [JAA] will continue asserting liens" against the cases that Mr. Flowers referred to Mr. Meyers that he worked on while at JAA. (Compl. ¶ 59.) Mr. Flowers further alleges that JAA is interfering with his entitlement to 50% of all fee earned on cases referred by him to Mr. Meyers while he worked at JAA. (*Id.* ¶¶ 10, 64.) This is wrong. As stated above, JAA has entered into an agreement with Mr. Meyers obligating Mr. Meyers to disperse 50% of all fees earned on cases referred by Mr. Flowers to Mr. Meyers that Mr. Meyers worked on while employed by JAA. (*See* Landy Decl. Ex. D.) Therefore, there is no case or controversy for the Court to adjudicate related to Count IV and the Court should dismiss Count IV as a matter of law. *See, e.g., Waller v. Waller*, 66 S.E.2d 876, 882 (S.C. 1951) ("A declaratory judgment should not address moot or abstract matters."); *see also Sunset Cay, LLC v. City of Folly Beach*, 593 S.E.2d 462, 466 (S.C. 2004) ("Despite the Act's broad language, it has its limits. An adjudication that would not settle the legal rights of the parties would . . . be beyond the intended

---

[3] Mr. Flowers' SCUTPA claim also fails because his claim only affects him and not the public. *See, e.g.*, *Machinery Solutions, Inc. v. Doosan Corp.*, No. 3:15–cv–03447, 2016 WL 2756429, at *4 (D.S.C. May 12, 2016) ("[W]hen viewed in their entirety, the allegations of the Amended Complaint only show that the outcome of this case will affect these parties and not the broader public. Accordingly, the court concludes that [plaintiffs] SCUTPA claim should be dismissed."); *Lighthouse Grp., LLC v. Strauss*, No. 9:15-cv-02463, 2016 WL 562100, at *4 (D.S.C. Sept. 12, 2016) (dismissing SCUTPA claim because the plaintiff "failed to allege sufficient facts to demonstrate that [defendant's] conduct had an adverse impact on the public interest."); *First Nat'l Bank v. First Nat'l Bank of the South*, No. 6:07–cv–2182, 2007 WL 3232116, at *2 (D.S.C. Oct 21, 2007) (dismissing SCUTPA claim because "the Defendants have failed to allege facts demonstrating that members of the public were adversely affected by [plaintiffs] alleged actions").

purpose and scope of the Uniform Declaratory Judgments Act.").

## IV.     The Court Should Stay Discovery during the Pendency of this Motion.

This Court has broad discretion to stay all discovery pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1); Local Civil Rule 16.00(C); *Cuyler v. Dep't of Army*, No. 08–3261, 2009 WL 1749604, at *2 (D.S.C. June 22, 2009). Courts in the Fourth Circuit regularly stay all discovery until a motion to dismiss is resolved. *See, e.g.*, *Chaudry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming district court's decision to stay discovery pending a motion to dismiss); *Cobin v. United States*, No. 6:04–cv–2455, 2005 WL 2200550, at *6 (D.S.C. June 22, 2005) (granting defendant's motion to stay discovery pending motion to dismiss).

The Court should stay all discovery in this case pending resolution of JAA's motion to dismiss. A stay will present all parties from expending unnecessary resources on discovery that will be moot if the Court grant's JAA motion to dismiss. A stay is also appropriate because no discovery is necessary to rule on the legal issues presented in JAA's motion to dismiss. The requested stay would not plausibly prejudice Mr. Flowers. Potentially discoverable documents are being preserved, there is no indication that significant witnesses are likely to disappear, and a stay pending the motion to dismiss will ensure that JAA and the Court will not have to expend resources unnecessarily.

## CONCLUSION

For the foregoing reasons, the Court should grant JAA's motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and motion to stay all discovery during the pendency of this motion.

Dated:  October 13, 2017			**DUFFY & YOUNG, LLC**

By:   s/ Rutledge Young III
Rutledge Young III (Fed. Bar No. 7260)
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com

Barry M. Landy (MN #391307), *pro hac vice application pending*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
Fax: (612) 361-8242
E-mail: bml@ciresiconlin.com

**ATTORNEYS FOR DEFENDANTS JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.**