In the United States District Court
For the District of South Carolina
Charleston Division

| | | |
|---|---|---|
| David Flowers, | ) | Case No. 2:17-cv-02739-RMG-MGB |
|       Plaintiff, | ) | |
| vs. | ) | |
| Jeffrey Anderson; Anderson & Associates, P.A., and Gregg Meyers, | ) | |
|       Defendants. | ) | |

Motion to Remand

Defendant Gregg Meyers, acting *pro se*, moves to remand this action to state court.

At ¶ 5, the Notice of Removal states that Gregg Meyers is "domiciled in the State of Minnesota," at ¶ 8 a "nominal party," and a "fraudulent/sham defendant." Removal is determined by the complaint, *Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986) ("the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'") The complaint alleges (in ¶ 4) that I reside in and practice law in South Carolina.

Diversity jurisdiction under 28 U.S.C. § 1332(a) is determined by citizenship, not by domicile or by residence. The complaint alleges only residence, the petition for removal alleges only domicile. Under *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989), to support diversity jurisdiction in removed cases, "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal. *See* 14A Wright, *Fed.Prac.,* § 3723, at 311–314 (1985)."

A person is a citizen of a state only if he is a citizen of the United States and domiciled in that state. *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 115 (1834). Where a person is domiciled turns on the individual's intent. See, *Ecker v. Atl. Refining Co.*, 222 F.2d 618, 621 (4th Cir. 1955) (a resident intends to live in the place for the time being and a citizen has the intention to remain in the state indefinitely.) Citizenship, not residency, established diversity jurisdiction. In the first instance, the Petition to Remove has not alleged citizenship, so appears to have failed to demonstrate that federal diversity jurisdiction exists, and the complaint does not establish that diversity exists.

If the court goes beyond the face of the complaint to examine citizenship, the district court is to make an individualized inquiry as to voter registration, current residence, location of real and personal property, location of bank and brokerage accounts, associations, place of business, driver's license and auto registration, and the state to which a party pays taxes. 13 Fed. Prac. & Proc. Juris § 3612(3rd ed. 2009); see also, *Webb v. Nolan*, 484 F.2d 1049, 1051 (4th Cir. 1973). No single factor is dispositive.

At present, I represent to the court that the pertinent information in these regards for me is:

- My voter registration is and has been in South Carolina since October, 2016,
- My driver's license is and has been in South Carolina and has been since October, 2016,
- My auto registration remains Minnesota until the next renewal date, when it will be transferred to South Carolina,
- My current residence is in Charleston, and I also maintain an apartment in St. Paul, where my wife is continuing through medical treatment and my siblings

2

    are available to assist her. I am in Minnesota roughly one week a month to assist my wife and she has not moved for that reason.

- location of personal property is Charleston, with some effects remaining in St. Paul,

- My bank accounts are in Charleston (operating and IOLTA) and my wife and I have one account for my wife to access in St. Paul,

- My place of business is Charleston, and my intention is to remain in Charleston indefinitely as it is in Charleston that I have re-established my law practice,

- In 2017 I will pay state taxes only in South Carolina, as I have worked only in South Carolina in 2017.

I would say I am a citizen and resident of South Carolina, but I leave that to the court. I have no indication that I am a nominal or sham defendant. I would prefer not to be a party to the case at all, but I understand I am made a party through my contractual connections to the other parties in this case and am a party for purposes of complete relief.

  Finally, three points should be made about the agreement I reached in June, 2017 with Mr. Anderson. First, an existing agreement did not stop Mr. Anderson in 2016 from objecting, on no articulable basis whatsoever, to a distribution to Mr. Flowers. That there is now a second agreement may or may not restrain him in the future, but it is not an agreement Mr. Flowers can enforce. Second, under the terms of that agreement, it was not to be disclosed to Mr. Flowers. Third, the agreement may be "final" between Mr. Anderson and I, but is not yet entirely final. Under *In Re Jordan*, Opinion 27734 (S.C. Supreme Court, August 30, 2017), each client must consent to that agreement for his or her case. The *Jordan* case was pending in June, 2016, when

3

Mr. Anderson and I reached our agreement. The *Jordan* opinion is not yet final, as a petition to reconsider has been filed in that case by Mr. Jordan. As of the October 18, 2017 South Carolina Advance Sheet, that petition remains pending.

When the *Jordan* petition has been finally decided, the agreement must then be submitted to the various clients for each of them to approve as to their case or cases. According to the *Jordan* opinion, client approval is required by the Rules of Professional Responsibility, requirements which, of course, none of us can waive. As Mr. Anderson is or should be aware, in his zeal to take issue with me he took actions which damaged the interests of certain clients, and operated against the interests of certain clients, so that conduct may well affect the process of client approval for his interest in a given case. Presumably he took into consideration how to handle those fiduciary obligations when he decided to act against the interests of certain clients.

For those reasons, it appears a substantial overstatement to claim, as does Mr. Anderson, that I am a sham defendant or a fraudulent party. Or that matters are entirely resolved among the parties.

## Conclusion

The matter should be remanded to state court as removal is not supported by the complaint or by the petition to remove.

    Respectfully submitted,

    s/ Gregg Meyers

Gregg Meyers, *pro se*, Federal I.D. 4183
Of Counsel, Pierce Herns Sloan & Wilson LLC
321 East Bay Street
Charleston SC 29401
843-725-7750, 722-7732 facsimile
greggmeyers@phswlaw.com