# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Flowers,<br><br>    Plaintiff,<br><br> v.<br><br>Jeff Anderson, Jeff Anderson & Associates, P.A., and Gregg Meyers,<br><br>    Defendants. | Court File No.: 2:17–cv–02739–RMG–MGB |

**DEFENDANTS' JEFF ANDERSON AND JEFF ANDERSON AND ASSOCIATES, P.A.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM, AND TO STAY DISCOVERY**

Rutledge Young III (Fed. Bar No. 7260)
**DUFFY & YOUNG, LLC**
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com

Barry M. Landy (MN #391307), *pro hac vice*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
E-mail: bml@ciresiconlin.com

*Attorneys for Defendants Jeff Anderson and*
*Jeff Anderson & Associates, P.A.*

**INTRODUCTION**

Citing no case law in support of any of the claims in his Complaint, Mr. Flowers argues that JAA's[1] motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim should be denied. He is wrong. For the reasons set forth in JAA's opening brief and below, the Court should grant JAA's motion to dismiss Mr. Flowers' counts for tortious interference with a contract, South Carolina Unfair and Deceptive Practices Trade Act ("SCUTPA"), and declaratory judgment because they are moot and lack any legally cognizable basis. The Court should also grant JAA's motion to stay discovery pending resolution of JAA's motion to dismiss.

**ARGUMENT**

**I.     The Court Should Dismiss Each of the Counts in Mr. Flowers' Complaint.**

Nothing in Mr. Flowers' response to JAA's motion to dismiss changes that the counts contained in his Complaint are moot and lack any basis in law.

***Counts I & II – Tortious Interference with Contract.*** Counts I and II fail because Mr. Flowers has not alleged that JAA interfered with his receipt of 50% of any contingency fee for the John Doe 10 case—or any other case. It is undisputed that Mr. Flowers has received the 50% contingency fee on all the resolved Contested Clients' cases—exactly what he claims he was entitled to under his "agreement" with Mr. Meyers. (*See, e.g.*, Compl. ¶¶ 10, 19, 35.) Furthermore, the June 22, 2017 settlement recognizes that Mr. Flowers will receive 50% of any contingency fee in any of the Contested Clients' cases resolved in the future. (Landy Decl. Ex. D.)[2] All fees that

---

[1] Terms abbreviated in this Reply brief have the same meaning as the abbreviated terms in JAA's opening brief in support of its motion to dismiss and stay discovery. (Doc. No. 6–1.)

[2] Mr. Flowers' highlights that in footnote 4 of JAA's opening brief, it inadvertently stated he filed his Complaint "after" the June 22, 2017 Settlement Agreement. (Flowers' Br. at 4.) JAA

1

Mr. Flowers claims he is entitled to have been or will be dispersed to him and JAA has withdrawn all liens. (Compl. ¶¶ 18, 34.) Therefore, the Court should dismiss Counts I and II with prejudice. *See, e.g.*, *Bellamy v. Meachem*, No. 4:11–CV–0058–JMC–TER, 2011 WL 5403395, at *2 (D.S.C. Oct. 17, 2011), *report and recommendation adopted*, 2011 WL 5404058 (D.S.C. Nov. 17, 2011) ("Because the relief requested by Plaintiffs is no longer available, their claim . . . is moot, this court lacks subject matter jurisdiction, and dismissal is required.").

Moreover, Mr. Flowers' claims for tortious interference with a contract fail as a matter of law for the additional reason that he cannot show that JAA filed liens over the Contested Clients' cases without justification—a required element for his claim. *Webb v. Elrod*, 418 S.E.2d 559, 561 (S.C. 1992). Absence of justification is conduct that is carried out for an improper purpose, such as malice or spite, or through improper means, such as violence or intimidation. *Waldrep Bros. Beauty Supply, Inc. v. Wynn Beauty Supply Co.*, 992 F.2d 59, 63–64 (4th Cir. 1993) (applying South Carolina law). A party is justified, however, when acting in the advancement of its legitimate business interests or legal rights. *Webb*, 418 S.E.2d at 561. Furthermore, as long as some legitimate purpose or right exists, the improper purpose must predominate to create liability. *Crandall Corp. v. Navistar Int'l Transp. Corp.*, 395 S.E.2d 179, 180 (S.C. 1990). Courts regularly dismiss tortious interference claims when a defendant is acting in the advancement of its legitimate business interest or legal right. *See, e.g.*, *BCD LLC v. BMW Mfg. Co. LLC*, 360 F. App'x 428, 435 (4th Cir. 2010); *Mach. Sols., Inc. v. Doosan Corp.*, No. 3:15-CV-03447-JMC, 2016 WL 2756429, at *7 (D.S.C. May 12, 2016).

---

acknowledges that Mr. Flowers' filed his complaint on June 15, 2017, days "before" the Settlement Agreement. (Landy Decl. Ex. D.) Regardless, Mr. Flowers' did not commence this action until September 15, 2017, months after the Settlement Agreement (which he alleges he was aware of) and months after JAA released all liens over the Contested Clients' cases.

2

JAA did not utilize any "improper means," such as violence, threats, bribery, fraud, misrepresentation, deceit, or duress when it issued its liens over the Contested Clients' cases. Rather, it did so based on Mr. Meyers' position that JAA should be entitled to recover none of the reasonable value it provided to the Contested Clients while they retained JAA. And there can be no doubt that the liens JAA filed were necessary as JAA and Mr. Meyers entered into a settlement after performing a *quantum meruit* analysis, determining JAA's right to contingency fees based on the reasonable value it provided to the Contested Clients' cases. (Landy Decl. Ex. D at 3:16–24) ("And there was claims that Jeff Anderson and Associates made for *quantum meruit* . . . . The parties then conferred about the claims based on the case law and also just on their work on each of the individual cases when [Mr. Meyers] was at the [JAA] law firm and have reached a resolution as to how the fees should be split among the parties for cases that have been resolved or in the event that they are resolved in the future.").

***Counts III –SCUPTA.*** Count III is also legally deficient. Mr. Flowers does not contest that JAA entered into a settlement agreement with Mr. Meyers which requires that Mr. Flowers be paid 50% of any contingency fee on any case that Mr. Flowers referred to or worked on before Mr. Meyers worked at JAA. Mr. Flowers' claim under SCUPTA is thus moot because Mr. Flowers has not and cannot show that JAA's acts or practices have the potential for repetition. *See, e.g.*, *Martin v. A. Celli Nonwovens Spa*, No. 7:14-cv-03508, 2014 WL 5488423, at *3 (D.S.C. Oct. 29, 2014). Mr. Flowers' SCUPTA claim also fails because he does not contest that his claim only affects him and not the public. *See, e.g.*, *Machinery Solutions, Inc. v. Doosan Corp.*, No. 3:15-cv-03447, 2016 WL 2756429, at *4 (D.S.C. May 12, 2016). While Mr. Flowers baselessly asserts that JAA's alleged conduct "could affect the settlement funds of other sexual abuse victims and other attorneys in South Carolina going forward," (Flowers' Br. at 6), he relies solely on speculation and does not

3

name any specific cases to which this could apply (and JAA is aware of none).

*Counts IV – Declaratory Judgment.* Finally, Count IV of Mr. Flowers' Complaint for declaratory judgment fails as a matter of law. As discussed above, JAA has entered into an agreement with Mr. Meyers stating that Mr. Flowers is entitled to 50% of all fees earned on the Contested Clients' worked on by Mr. Flowers with Mr. Meyers before Mr. Meyers worked at JAA. Since JAA does not dispute the relief that Mr. Flowers seeks, there is no case or controversy for the Court to adjudicate. Mr. Flowers suggests that this claim should survive due to the possibility that JAA may breach the Minnesota Settlement Agreement. But this does not revive Mr. Flowers' declaratory judgment count as JAA has complied with the Minnesota Settlement Agreement and will continue to do so.

## II.   None of the "Disputed Facts" Alleged by Mr. Flowers Change that Mr. Flowers' Claims are Moot And Should Be Dismissed As A Matter of Law.

In an attempt to survive a motion to dismiss, Mr. Flowers' Response contains a number of false and inflammatory statements. Mr. Flowers, however, cannot resurrect his moot claims.

*First*, presumably to argue that JAA interfered with Mr. Flowers' contract, Mr. Flowers asserts that "[a]t the request of the Anderson Defendants, [JAA was] provided a copy of the fee agreement [between Mr. Meyers and him] in their midst of their frivolous assertion of a nonexistent lien and they still refused to withdraw their frivolous lien and prevented the lawful disbursement of the fee to Plaintiff." (Flowers' Br. at 3.) This is wrong. JAA emailed Mr. Flowers on June 7, 2017 requesting a copy of any agreement between Mr. Meyers and himself related to the Contested Clients. (Second Landy Decl. Ex. F.) Mr. Flowers never provided a copy of any agreement in response to the e-mail. Regardless, even if Mr. Flowers had provided the agreement (which he did not) that would not somehow entitle him to assert his claim for tortious interference with contract. As discussed above, all fees to which Mr. Flowers claims he is entitled have been or will be

4

dispersed to him, JAA has withdrawn all liens, and Mr. Flowers cannot show that JAA acted without justification when asserting the liens at issue.

***Second***, also presumably to argue that JAA tortuously interfered with Mr. Flowers' contract, Mr. Flowers' alleges that JAA filed frivolous liens. <u>This is wrong.</u> As explained in JAA's opening brief, when Mr. Meyers was terminated from JAA, Mr. Meyers asserted that JAA was entitled to none of the contingency fees recovered on the Contested Clients cases. (JAA's Opening Br. at 2.) JAA was forced to file liens over the Contested Clients cases as it was entitled to the reasonable value of the services it provided to these Contested Clients. *See, e.g.*, *In re L-tryptophan Cases*, 518 N.W.2d 616, 618 (Minn. App. 1994) ("Every firm faces the possibility that one of the individual attorneys assigned to a matter could leave with a substantially prepared case. This risk is unavoidable since clients have unfettered discretion to obtain or release counsel. When a lawyer leaves his law firm, a litigation client may understandably elect to 'follow' the person who was most heavily involved with that litigation. This fact of professional life, however, should not deprive the firm whose services the client initially sought from equitably realizing fruits of its reasonable expectancy in the contingency fee."); *see also Gilbert LLP v. The Engineering and Distribution, LLC*, 689 F. App'x 197, 200 (4th Cir. 2017) (same); *Joye v. Heuer*, 813 F. Supp. 1171, 1174–75 (D.S.C. 1993) (same).[3] And, again, there can be no doubt that the liens JAA filed

---

[3] Mr. Flowers' citation to *In re Jordan*, No. 27734, 2017 WL 3723502, at *1 (S.C. Aug. 30, 2017) is inapt. There, the attorney entered into a fee-sharing arrangement with another attorney and did not disclose the arrangement to the client, collected the fee for the case, and deposited the entire fee in his law firm's account instead of paying his co-counsel his share of the fee. The South Carolina Supreme Court determined that the attorney in that case violated S.C. App. Ct. R. 407 RPC 1.5(e)(2) because the clients did not agree to the fee-split in writing. There is no requirement that when a contingency fee client terminates an attorney or law firm, that the client is required to consent in writing to any award of *quantum meruit* damages awarded to the law firm for the reasonable value of services it provided to that client. Instead, an attorney or law firm's entitlement to a *quantum meruit* recovery for a contingency fee client becomes timely immediately upon

5

were necessary as JAA and Mr. Meyers entered into a settlement after performing a *quantum meruit* analysis regarding all the Contested Clients' cases and determined JAA's equitable right to recover for its services provided to the cases. (Landy Decl. Ex. D at 3:16–24) ("And there were claims that Jeff Anderson and Associates made for *quantum meruit* . . . . The parties then conferred about the claims based on the case law and also just on their work on each of the individual cases when [Mr. Meyers] was at the [JAA] law firm and have reached a resolution as to how the fees should be split among the parties for cases that have been resolved or in the event that they are resolved in the future.").

***Finally***, presumably in support of his SCUPTA claim, Mr. Flowers' alleges that JAA "asserted liens against settlement funds in South Carolina that were based on fabricated and fraudulent time records." (Flowers' Br. at 4.) This too is wrong. On December 20, 2016, JAA provided Mr. Meyers its calculations for the fee claims related to the Contested Clients' cases. (Second Landy Ex. G.) JAA made clear in that and in subsequent correspondence that its fee calculation was based on estimates of Mr. Meyers' time since he did not maintain time records when employed by JAA. (*Id.* Ex. H.) JAA stated "[w]e simply did the best estimates we could given the information we had. [We] again request . . . that you send [us] a complete reconstructed time record for each of these cases." (*Id.*) Mr. Meyers never did. Regardless, as discussed above, Mr. Flowers' SCUPTA claim fails because the allegations only relate to Mr. Flowers and there is no potential for repetition.[4]

---

termination by the client. *See, e.g.*, *Trenti, Saxhaug, Berger, Roche, Stephenson, Richards & Aluni, Ltd. v. Nartnik*, 439 N.W.2d 418, 421 (Minn. App. 1994.)

[4] For the same reasons identified in JAA's opening brief, the Court should grant JAA's motion to stay discovery pending resolution of this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant JAA's motion to dismiss for lack of subject matter jurisdiction, or in the alternative, failure to state a claim in its entirety. The Court should also grant JAA's motion to stay discovery pending resolution of this motion.

Dated: December 11, 2017							By: s/ J. Rutledge Young, III

Rutledge Young III (Fed. Bar No. 7260)
**DUFFY & YOUNG, LLC**
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com


Barry M. Landy (MN #391307), *pro hac vice*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
E-mail: bml@ciresiconlin.com

**ATTORNEYS FOR DEFENDANTS JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.**