## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION
## Court File No.: 2:17-cv-02739-RMG-MGB

David Flowers,

                Plaintiff,

     v.

Jeff Anderson, Jeff Anderson &
Associates, P.A., and Gregg Meyers,

                Defendants.

## SECOND DECLARATION OF BARRY M. LANDY IN SUPPORT OF DEFENDANTS JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.'S MOTION TO DISMISS AND STAY DISCOVERY

I, Barry M. Landy, declare as follows:

1.     I am an attorney at the law firm, Ciresi Conlin LLP, representing Plaintiffs Jeff Anderson and Jeff Anderson and Associates, P.A. (collectively, "JAA").

2.     Attached as **Exhibit F** is a true and correct copy of an email from me to Mr. Flowers dated June 7, 2017.

3.     Attached as **Exhibit G** is a true and correct copy of letter dated December 20, 2016 from Jeff Anderson to Greg Meyers.

4.     Attached as **Exhibit H** is a true and correct copy a letter dated January 13, 2017 from Jeff Anderson to Gregg Meyers.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 11th day of December, 2017 in Minneapolis, Minnesota.


_____*/s/Barry M. Landy*_____
Barry M. Landy

4815-2776-4056, v. 1

# EXHIBIT F

**Barry M. Landy**

**From:** Barry M. Landy
**Sent:** Wednesday, June 07, 2017 11:35 AM
**To:** 'David Flowers'
**Subject:** RE: Fees Owed

Mr. Flowers:

My client does not have a copy of any fee agreement between Gregg Meyers and you related to the *John Doe 10* matter. Additionally, JAA does not have a copy of any fee agreement on its system.

We are unable to know whether you have a contractual interest in the fees for the *John Doe 10* matter without a copy of the agreement. Please provide us a copy.

Barry

**Barry M. Landy**
*Attorney*

P: 612.361.8224
E: BML@ciresiconlin.com

Ciresi Conlin LLP

Ciresi Conlin LLP | 225 S. 6th St. | Suite 4600 | Minneapolis, MN 55402

This email is from a law firm and may be privileged or confidential. It is intended only for the person addressed. If you received this email in error, please immediately notify the sender and delete it from your system without reading or distributing it. We do not waive the attorney-client privilege by an email incorrectly delivered.
www.CiresiConlin.com

**From:** David Flowers [mailto:dflowers60@gmail.com]
**Sent:** Wednesday, June 07, 2017 8:55 AM
**To:** Barry M. Landy <BML@ciresiconlin.com>
**Subject:** Fees Owed

Mr. Landy,

I have received your email and have a brief response. I am not represented by Mr. Pierce or his firm. For the time being I am not represented by counsel, but likely will be if litigation ensues.

Your client has known about my interest in this case and others ever since he hired Gregg Meyers in his firm. I am not going to reproduce for you the paper trail that your client already has and is well aware of and which he should have already provided to you.

The motion you mention is not my motion.  It was filed by the firm that is holding my money in trust.  They sought agreement from your client to disburse my portion of the fees to me.  Your client refused.  It was only then that they filed the motion.  Your client's refusal to agree to disburse to me was also the catalyst for his counsel's motion to be relieved, a conflict that your client manufactured.

Your client's dispute with Gregg Meyers only involves Gregg Meyers's portion of the fee in this case and others.  It does not involve, and has never involved, my portion of the fees.

The delay in the disbursement is caused solely by your client's frivolous assertion of a lien on my fees.  And he now wants to further delay by seeking new counsel and requesting information that is already in his possession.  I choose not to countenance his unprofessional behavior.

I am almost finished with the Complaint I am drafting.  I am not relying on the firm's motion.  I plan to file a separate action against your client and will seek tort damages for consequential damages, including attorneys' fees and costs, in addition to the fees that I am already clearly owed, but which your client is wrongfully blocking.

If your client comes to his senses and consents to Mr. Pierce disbursing my fees before I finish the Complaint there will obviously be no need to file it.  Please advise if your client will not agree to the disbursement whether you will accept service.

With due respect,

David Flowers

2

# EXHIBIT G



### JEFF ANDERSON & ASSOCIATES PA
REACHING ACROSS TIME FOR JUSTICE

December 20, 2016

SENT VIA EMAIL

Gregg Meyers
Pierce, Herns, Sloan & Wilson, LLC
The Blake House
321 East Bay Street
Charleston, SC 29401

Re:     Client Representation

Dear Gregg:

In response to your letter of December 14, 2016, enclosed please find the firm's calculations for the fee claims for the cases you have notified us you are taking. The fees have been calculated at a $300.00 an hour rate based on the work you completed on these files while working at Jeff Anderson & Associates. The hours upon which the lien is based comes from a review of the work completed by you. The reconstructed hours are obviously short due to the fact that you alone know the hours you worked on these cases and I suspect that you did not keep detailed time records. If you dispute the liens, you must submit a full time record for each case.

I have not included a specific number for the ▮▮▮▮ cases because I believe you may have been keeping time records on those cases. I request that you forward to me those time records by December 23, 2016 at 5:00 p.m. central time. If I do not receive your time records, we will review the work completed by you on those cases and determine the amount.

We also request any time records you have for any of the other cases you worked on as an employee of Jeff Anderson & Associates. If I do not receive similar time records on the other cases, I will need to assume that the time reconstruction we have completed is accurate or low.

Also enclosed are the cost ledgers for the cases. Note that for the ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮, we have divided that equally among the respective clients and added that amount to each of their total costs on the chart.

You state that a substitution of counsel is not necessary because nothing has changed because you are still the attorney of record. We believe you should file and serve a notice of substitution of firm in each case indicating that you are now with Pierce, Herns, Sloan & Wilson and will remain counsel of record. (Enclosed is an example of one from another case.)

ATTORNEYS

JEFFREY R. ANDERSON
*Minnesota*
*Wisconsin*
*Illinois*
*Colorado*
*New York*
*Pennsylvania*
REGISTERED FOREIGN LAWYER
(UNITED KINGDOM)

MICHAEL FINNEGAN
*Minnesota*
*Wisconsin*
*California*

J. MICHAEL RECK
*California*
*New York*
*Texas*
*Pennsylvania*

ELIN LINDSTROM
*Minnesota*
*Wisconsin*

TRUSHA PATEL GOFFE
*Minnesota*
*Washington DC*

JOSH PECK
*Minnesota*

MOLLY BURKE
*Minnesota*

OF COUNSEL
ANTHONY DEMARCO
*California*

OFFICE LOCATIONS
*St. Paul, Minnesota*
*Pasadena, California*
*Chicago, Illinois*
*Milwaukee, Wisconsin*
*Kailua, Hawaii*
*New York, New York*
*London, England*

Gregg Meyers
December 20, 2016
Page 2


Because we have copies of the elections by the clients, I have directed that the files be transferred to you. The physical files are being sent by Federal Express today to be delivered tomorrow. Please direct how you wish the electronic files to be sent in an email to Therese.

Once again, I offer any manner you think is appropriate to resolve these ongoing issues, including mediation.

Very truly yours,

Jeffrey R. Anderson
jeff@andersonadvocates.com

JRA:tg
Enclosures

# EXHIBIT H



JEFF ANDERSON & ASSOCIATES PA

REACHING ACROSS TIME FOR JUSTICE

January 13, 2017

SENT VIA EMAIL

Gregg Meyers
Pierce, Herns, Sloan & Wilson, LLC
The Blake House
321 East Bay Street
Charleston, SC 29401

Re:    Cost and Attorney Fee Liens

Dear Gregg:

I apologize that the electronic files have not yet been sent to you. The filing
department was attempting to produce complete files before they sent them. There are
numerous emails on these cases which include documents that had never been filed in
SharePoint. A hard drive with the files as they currently exist in SharePoint will be
sent by Federal Express by the end of business today.

With regard to your claims that I made false claims on the hours you spent on the
numerous cases you worked while in the employ of Jeff Anderson & Associates, I have
been clear that these our estimates based on my knowledge of the cases and have
invited you to provide accurate time records. The estimates were compiled based on a
list of the tasks you completed in these cases that was put together by Tammy. Note
that this list of tasks contains no emails, phone calls, meetings or general
correspondence and was compiled as best we could as an estimate from the files and
Tammy. Our estimate is less than comprehensive and never intended to be anything
other than a gross reconstruction based on limited information. Because you worked
solo so much, I have no way of knowing how much time was spent.

As you admit in your letter, you did not keep time on these cases. I was left to
reconstruct that time. You may have the opinion that my assertion of the time spent is
excessive, something you actually don't know, because you did not keep track of your
time. The estimates were not false. To be false it required that I knew the actual hours
you worked. Neither I nor you have records of the actual hours you worked. You also
claim that I "falsely duplicated time." I had no way to know what actions were
appropriately divided between clients. We simply did the best estimates we could
given the information we had. I again request, as I did in my letter of December 20,
2016, that you send me a complete reconstructed time record for each of these cases.

I am still hoping we can have a constructive conversation on a way to resolve this
dispute.

ATTORNEYS
JEFFREY R. ANDERSON
*Minnesota*
*Wisconsin*
*Illinois*
*Colorado*
*New York*
*Pennsylvania*
REGISTERED FOREIGN LAWYER
(UNITED KINGDOM)

MICHAEL FINNEGAN
*Minnesota*
*Wisconsin*
*California*

J. MICHAEL RECK
*California*
*New York*
*Texas*
*Pennsylvania*

ELIN LINDSTROM
*Minnesota*
*Wisconsin*

TRUSHA PATEL GOFFE
*Minnesota*
*Washington DC*

JOSH PECK
*Minnesota*

MOLLY BURKE
*Minnesota*

OF COUNSEL
ANTHONY DEMARCO
*California*

OFFICE LOCATIONS
*St. Paul, Minnesota*
*Pasadena, California*
*Chicago, Illinois*
*Milwaukee, Wisconsin*
*Kailua, Hawaii*
*New York, New York*
*London, England*

Gregg Meyers
January 13, 2017
Page 2

Very truly yours,

Jeffrey R. Anderson
jeff@andersonadvocates.com

JRA:tg