**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| David Flowers,<br><br>PLAINTIFF,<br><br>vs.<br><br>Jeff Anderson; Jeff Anderson & Associates, P.A.; and; Gregg Meyers,<br><br>DEFENDANTS. | C/A No. 2:17-cv-2739-BHH-MGB<br><br>Report and Recommendation |

The Plaintiff, appearing *pro se*, filed this suit in the Court of Common Pleas for Charleston County on June 15, 2017. (Dkt. No. 1-1.) Defendants Jeff Anderson ("Anderson") and Jeff Anderson & Associates, P.A. ("JAA") (collectively "the Anderson Defendants") removed this action to federal court on October 11, 2017. (Dkt. No. 1.) Now before the court are the following three motions listed by docket number:

6. The Anderson Defendants' Motion to Dismiss

12. Motion to Remand filed by Defendant Meyers

19. Motion to Remand filed by the Plaintiff

All three of these motions presently before the court are fully briefed and ripe for ruling. For the reasons stated herein, the undersigned recommends that the Motions to Remand (Dkt. Nos. 12 & 19) be denied and the Anderson Defendants' Motion to Dismiss (Dkt. No. 6) be granted in part and denied in part.

**Factual Allegations**[1]

The Plaintiff is a South Carolina attorney who voluntarily placed himself on inactive status in September of 2011 and has not practiced law since that time. (¶ 12.) From 1997 through 2011, the Plaintiff worked with Defendant Meyers, who is a South Carolina attorney, primarily representing sexual abuse victims in lawsuits in South Carolina. (¶¶ 4, 9.) Defendant Anderson is an attorney practicing primarily in Minnesota as part of Defendant JAA, a law firm. (¶¶ 2, 3.) Defendant Meyers was previously employed by the Anderson Defendants. (¶ 4.) The Plaintiff maintained an interest in attorney's fees after he ceased the practice of law in the cases he had with Defendant Meyers. (¶¶ 13, 58.)

The Plaintiff and Defendant Meyers have a 40% contingency fee agreement with a former client known as John Doe 10. (¶ 15.) The Plaintiff and Defendant Meyers have an agreement to split in half any fee from John Doe 10's case. (¶ 31.) The Anderson Defendants have known of this agreement since 2011. (¶ 16.) Defendant Meyers recently settled John Doe 10's case, and the fee is being held in trust by a law firm that is not a party to this action.[2] (¶¶ 17, 18, 33, 34.) The Plaintiff, Defendant Meyers, and John Doe 10 all acknowledge that the Plaintiff is entitled to half of the fee from John Doe 10's settlement and do not object to the Plaintiff being disbursed his half of the fee. (¶¶ 19-21, 35-37.) The Anderson Defendants have objected to the disbursement of the fee to the Plaintiff. (¶¶ 22, 38.) The Anderson Defendants are not parties to the fee agreement and have no interest in the fee. (¶¶ 23-24.) The law firm holding the fee in trust could not disburse the Plaintiff his share of the fee because of the claim asserted by the Anderson Defendants. (¶¶ 25, 41.)

---

[1] All of the Factual Allegations are taken from the Complaint (Dkt. No. 1-1).

[2] Since this lawsuit was filed, the attorney's fees in John Doe 10's case have been ordered to be distributed by court order. (Dkt. No. 6-2 at 47-48.)

The Anderson Defendants engaged in trade or commerce in South Carolina by practicing law in the state. (¶ 48.) The Plaintiff claims: (1) the Anderson Defendants have demonstrated a pattern of asserting liens against attorney's fees based on fraudulent time records in sexual abuse cases in this state (¶ 49); (2) the Anderson Defendants have already fraudulently asserted liens twice and are reasonably anticipated to repeat this practice (¶ 50); (3) the Anderson Defendants have willfully violated the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, through their actions. (¶¶ 47, 53.)

**Proceedings in Related Cases**

After this lawsuit was filed, the Anderson Defendants and Defendant Meyers reached a comprehensive settlement in Minnesota ("the Minnesota settlement") on June 22, 2017, in a case litigating disputes related to Defendant Meyers' termination of employment. (Dkt. No. 6-2 at 20-33.) As part of that settlement, the Anderson Defendants and Defendant Meyers agreed on the division of attorney's fees on all of the cases shared by the parties. (*Id.*) In some of these cases, the Anderson Defendants and Defendant Meyers agreed, as part of the settlement, that the Plaintiff was entitled to half of the attorney's fees because he referred the cases to Defendant Meyers. (*Id.*) The Plaintiff was not a party in the lawsuit in Minnesota and was not a party to the settlement agreement.

On June 28, 2017, an Order was entered in the Court of Common Pleas for Charleston County by the Honorable J.C. Nicholson, Jr. (Dkt. No. 6-2 at 43-48.) The Order directed the disbursement of half of the attorney's fees in John Doe 10's case to be paid to the Plaintiff. (*Id.*)

**Motions to Remand**

The court first addresses the Motion to Remand (Dkt. No. 12) filed by Defendant Meyers and the Motion to Remand (Dkt. No. 19) filed by the Plaintiff as they are determinative of this

court's jurisdiction. This case is before the court under 28 U.S.C. § 1332, which allows state law claims to be heard by federal courts where there is a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "[O]rdinarily, the failure of any defendant to consent to removal renders the removal improper and requires remand." *Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc*., 995 F. Supp. 2d 492, 495 (D.S.C. 2014). This "requirement is called the 'rule of unanimity.'" *Baker Roofing Co. v. Am. Guarantee & Liab. Ins. Co.,* No. 2:16-cv-3776-PMD, 2017 WL 710541, at *1 (D.S.C. Feb. 23, 2017) (quoting *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co*., 736 F.3d 255, 259 (4th Cir. 2013)).

In the case at bar, Defendant Meyers did not consent to removal and has moved to have this case remanded back to state court. (Dkt. No. 19.) However, the Anderson Defendants argue that Defendant Meyers is a "nominal party" to this case. (Dkt. Nos. 1 at 2; 14 at 2.) The Anderson Defendants argue, as a nominal party, Mr. Meyer's consent in unnecessary and that his citizenship is irrelevant for purposes of diversity jurisdiction.

An exception to the rule of unanimity exists when the non-consenting defendant is a nominal party. *Hartford Fire Ins. Co.*, 736 F.3d at 259. "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 560. The "key inquiry" for the court is to determine "whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.* When determining if a defendant is a nominal party, courts must examine "the particular facts

and circumstances" of each case. *Id.* Plainly stated, this court must determine "whether the non-removing party has an interest in the outcome of the case." *Id.* at 261.

The circumstances of *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, are analogous to the case at bar. 736 F.3d 255 (4th Cir. 2013). In *Hartford Fire Ins. Co.*, the plaintiff was one of several insurance companies that insured G.R. Hammonds Inc., a contractor that performed defective roofing work on a project in Charleston. Hartford sued Hammonds and several other insurance companies in state court for declaratory judgment seeking to determine each insurer's share of a one million dollar settlement reached by Hammonds on the underlying lawsuit. All of the defendants except Hammonds removed the case to federal court. The Plaintiff filed a motion to remand, which the district court denied, holding that Hammonds was a nominal Defendant. The Fourth Circuit affirmed the district court. The Fourth Circuit considered that Hartford only sought declaratory relief from Hammonds. 736 F.3d at 261. The Fourth Circuit found that the absence of Hammonds would not have any effect on Hartford being made whole by the other insurance company defendants. *Id.* The court held that the potential impact on Hammonds' policy limits in its insurance policies with Hartford was too speculative to be a real interest in the litigation. *Id.* The Fourth Circuit held that Hammonds was a nominal party.

This court finds that Defendant Meyers is a nominal party to this action. Of the Plaintiff's four causes of action, only the fourth cause of action, for declaratory judgment, is brought against Defendant Meyers. (Dkt. No. 1-1.) That cause of action seeks to have this court "inquire into and examine the contracts entered into between Plaintiff, Defendant Gregg Meyers, and various clients and declare the rights and interests of the parties of this action." (Dkt. No. 1-1 ¶ 64.) The Plaintiff does not seek any damages or other relief from Defendant Meyers. (*Id.* at 15.) The Plaintiff can be made completely whole and receive all of the relief sought without

Defendant Meyers being a party. As to the declaratory judgment, the Plaintiff has alleged that Defendant Meyers has already conceded that the Plaintiff is entitled to half of the attorney's fees under the contingency agreements between himself, Defendant Meyers, and various clients. (Dkt. No. 1-1 ¶¶ 10, 13, 21, & 37.) Supporting the Plaintiff's allegation, the Minnesota settlement between Defendant Meyers and the Anderson Defendants included provisions for the Plaintiff to receive half of the attorney's fees in cases where appropriate. (Dkt. No. 6-2 at 20-32.) Therefore, no dispute exists as how the fees are split between the Plaintiff and Defendant Meyers, and Defendant Meyers will not be affected by the outcome of this case.

The Plaintiff does not make any specific argument that Defendant Meyers is more than a nominal defendant. The Plaintiff makes the general assertion that Defendant Meyers "is a necessary party as alleged in the Complaint and complete justice cannot be rendered in this case in his absence." (Dkt. No. 19.) The Plaintiff does not provide any support or explanation for his argument. To the extent the Plaintiff is asserting that Defendant Meyers is not a nominal party because the two of them are parties to contingency agreements with various clients, the Plaintiff's argument is lacking. The Plaintiff has not sued his former clients who are also parties to those same contracts. Therefore, by the Plaintiff's choice of Defendants, merely being a party to the contingency fee contracts that are the subjects of the declaratory judgment action does not make one a necessary party to this action. The Plaintiff has chosen not to bring suit against apparently numerous parties to these contracts.

Defendant Meyers does not address the merits of the Anderson Defendant's argument that he is a nominal party. (Dkt. No. 12.) Rather, Defendant Meyers argues that he is a citizen of South Carolina, and, therefore, he is not a diverse party. (*Id.*) Defendant Meyers' citizenship is irrelevant to whether he is a nominal party. As nominal party, Defendant Meyers' citizenship

does not destroy diversity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (When determining the citizenship of the parties for the purpose of diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see also Del Webb Communities, Inc. v. Am. Home Assurance Co.*, No. 9:16-cv-1209-PMD, 2016 WL 5407894, at *1 (D.S.C. Sept. 28, 2016) (noting that nominal parties are excepted from the complete diversity requirement of 28 U.S.C. § 1332). Therefore, the undersigned concludes that Defendant Meyers is a nominal party to this action and recommends that the Motions to Remand (Dkt. Nos. 12 & 19) be denied.

**The Anderson Defendants' Motion to Dismiss**

The Anderson Defendants move to dismiss the complaint under Rules 12(b)(1), 12(b)(6), and 12 (h)(3) of the Federal Rules of Civil Procedure arguing that the claims are moot and that the Plaintiff has failed to state a claim. (Dkt. No. 6.)

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted); *see also Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Baltimore*, 855 F.3d 247, 251 (4th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." (internal quotation marks omitted)).

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the Plaintiff, it need not accept the "legal conclusions drawn from the facts,…unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

**1. First & Second Causes of Action: Tortious Interference with a Contract**

The Plaintiff has sufficiently alleged claims against the Anderson Defendants for tortious interference with a contract, and the claims are not moot. The Plaintiff's first and second causes

of action are brought only against the Anderson Defendants. (Dkt. No. 1-1.) These claims relate to the 40 percent contingency fee due to the Plaintiff and Defendant Meyers following the settlement of their client John Doe 10's law suit and the Plaintiff and Defendant Meyer's agreement to split any such fee. (*Id.*) "The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." *Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012) (quoting *Camp v. Springs Mortgage Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993)).

"[A] case is moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 229 (4th Cir.), *cert. denied*, 137 S. Ct. 374, 196 L. Ed. 2d 292 (2016) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). A case may become moot because of a change in factual circumstances during the course of litigation. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011). When a plaintiff receives the relief he sought in his claim, the claim is moot due to the change in factual circumstances. *Id.* (citing *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir.2002)).

The Anderson Defendants argue that the Plaintiff has not stated a claim in his Complaint for tortious interference. This court disagrees. Both of the Plaintiff's claims for tortious interference allege the required elements in *Dutch Fork Dev. Grp. II, LLC*. The Plaintiff has

alleged the existence of valid contracts in both causes of action. (Dkt. No. 1-1 ¶¶ 15 & 31.) The Plaintiff has alleged that the Anderson Defendants were aware of the valid contracts in both causes of action. (*Id.* ¶¶ 16 & 32.) The Plaintiff has alleged that the Anderson Defendants placed a lien on John Doe 10's settlement to intentionally procure its breach. (*Id.* ¶¶ 22 & 38.) The Plaintiff has alleged that the Anderson Defendants did these acts knowingly and without any interest in the contracts. (*Id.* ¶¶ 24, 27, 40, 43.) The Plaintiff has alleged that the conduct of the Anderson Defendants caused harm to the Plaintiff. (*Id.* ¶¶ 28 & 44.)

Since the Plaintiff filed this suit on June 15, 2017, the Anderson Defendants and Defendant Meyers settled a related case in Minnesota on June 22, 2017, that concerned Defendant Meyers' separation from the Anderson Defendants. (Dkt. No. 6-2 at 20-38.) Following the settlement of the Minnesota case, the Honorable J.C. Nicholson, Jr., issued an Order on June 28, 2017, in the Court of Common Pleas for Charleston County, which ordered that the Plaintiff in this case receive his half of the attorney's fees from John Doe 10's case. (Dkt. No. 6-2 at 47-48.) The Plaintiff was not a party to this order.

The Anderson Defendants argue that the Plaintiff's claims for tortious interference are moot because the relief sought by the Plaintiff is no longer available. (Dkt. No. 6-1 at 8-9.) The Anderson Defendants argue that the relief is no longer available because the Plaintiff has received his half of the attorney's fees generated by John Doe 10's case. (*Id.*) The Plaintiff argues that his claim is not moot upon receipt of the fees because the tort claim was not satisfied by merely receiving the fees. (Dkt. No. 18 at 5-6.)

Under South Carolina law, "[t]he damages recoverable for intentional interference are not measured by contract rules." *Collins Music Co. v. Smith*, 332 S.C. 145, 147, 503 S.E.2d 481, 482 (Ct. App. 1998). When asserting a tortious interference with contractual relations claim, a

plaintiff may recover "the pecuniary loss of the benefits of the contract; consequential losses for which the interference is the legal cause; and, emotional distress or actual harm to reputation if they are reasonably to be expected to result from the interference." *Id.* at 148. In the case at bar, the Plaintiff seeks "actual and punitive damages from [the Anderson Defendants] in an amount to be determined by the jury." (Dkt. No. 1-1 ¶¶ 29 & 45.)

While the Anderson Defendants are correct that the Plaintiff's potential pecuniary loss from the contract is no longer viable because the Plaintiff has received his portion of the attorney's fees, the Plaintiff may still recover for "consequential losses for which the interference is the legal cause" and "emotional distress or actual harm to reputation if they are reasonably to be expected to result from the interference" as part of the Plaintiff's actual damages. *Collins Music Co.*, 332 S.C. at 148. The court is aware of no law requiring a heightened pleading requirement for the damages alleged in a tortious interference claim. Therefore, in viewing the allegations in the Complaint in the light most favorable to the Plaintiff, this court concludes that the Plaintiff tortious interference claims are still viable and not moot. The undersigned recommends that the Anderson Defendants' Motion to Dismiss (Dkt. No. 6) be denied as to the first and second causes of action.

**2. Third Cause of Action: SCUTPA**

The Complaint fails to state a claim under SCUTPA. "To recover in an action under the UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 638, 743 S.E.2d 808, 816 (2013) (citation omitted). "An act is 'unfair' when it is offensive to public

policy or when it is immoral, unethical, or oppressive." *Id.* (citation omitted). "An act is 'deceptive' when it has a tendency to deceive." *Id.* (citation omitted).

"A plaintiff bringing a private cause of action under SCUTPA must allege and prove that the defendant's actions adversely affected the public interest." *Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-CV-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015) (citing *Noack Enterprises Inc. v. Country Corner Interiors, Inc. .*, 290 S.C. 475, 351 S.E.2d 347, 349-350 (S.C.Ct.App.1986)). "Conduct that affects only the parties to the transaction provides no basis for a SCUTPA claim." *Id.* (citing *Robertson v. First Union Nat'l Bank*, 350 S.C. 339, 565 S.E.2d 309, 315 (S.C.Ct.App.2002)). The "adverse effect on the public must be proved by specific facts. " *Jefferies v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 23 (Ct. App. 1994).

> An impact on the public interest may be shown if the acts or practices have the potential for repetition. The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts.

*Skywaves I Corp. v. Branch Banking & Tr. Co.*, No. 2015-001809, ___S.E.2d___, 2018 WL 2031845, at *9 (S.C. Ct. App. May 2, 2018) (quoting *Singleton v. Stokes Motors, Inc*., 358 S.C. 369, 379, 595 S.E.2d 461, 466 (2004)).

The Plaintiff alleges that the Anderson Defendants have demonstrated a pattern of asserting liens on attorney's fees in sexual abuse cases in South Carolina without justification. (Dkt. No. 1-1 ¶ 49.) The Plaintiff alleges that the Anderson Defendants have already asserted liens twice and, therefore, are likely to continue this practice. (*Id.* ¶ 50.) The Anderson Defendants argue that the Plaintiff's SCUTPA claim is moot because the Anderson Defendants agreed in their settlement with Defendant Meyers in Minnesota that the Plaintiff was entitled to half of any attorney's fees earned in cases that the Plaintiff referred to Defendant Meyers. (Dkt.

No. 6-1 at 10-11.) The Anderson Defendants additionally argue that the alleged conduct affects only the parties to the transaction. (*Id.*)

The undersigned finds that the Plaintiff has not sufficiently pleaded a claim under SCUTPA. The Plaintiff's claim only affects the parties to this suit. The SCUTPA claim does not have any effect on the public. Allegations in a SCUTPA claim of ongoing actions by a defendant are not sufficient to survive a motion to dismiss absent allegations of specific facts that the conduct has an adverse impact on public interest. *Mach. Sols., Inc. v. Doosan Corp*., No. 3:15-cv-03447-JMC, 2016 WL 2756429, at *4 (D.S.C. May 12, 2016) (citing *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300-JMC, 2015 WL 7568613, at *9 (D.S.C. Nov. 24, 2015)). Dismissal is appropriate when the allegations of a complaint, "viewed in their entirety,…only show that the outcome of the case will affect these parties and not the broader public." *Id.* Speculative claims of adverse public impact are not sufficient to establish a claim under SCUTPA. *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 507 (4th Cir. 1992).

All of the allegations in the Complaint relate to the parties of this lawsuit. (Dkt. No. 1-1.) The Plaintiff has not alleged any specific facts that the public has suffered any adverse effect. The Plaintiff argues that the Anderson Defendants actions could affect the settlement funds of other sexual abuse victims and other attorneys in South Carolina going forward. (Dkt. No. 18 at 6.) The Plaintiff has not alleged any specific facts to support his argument. His argument is speculation of what might happen in the future. This court concludes that the Plaintiff's SCUTPA claim does not contain any allegations of adverse impact on the public. Therefore, the undersigned recommends that the Anderson Defendant's Motion to Dismiss (Dkt. No. 6) be granted as to the Plaintiff's SCUTPA claim.

**3. Fourth Cause of Action: Declaratory Judgment**

The Plaintiff has properly pleaded a declaratory judgment action in the Complaint, and the action is not moot. Under South Carolina law, the Uniform Declaratory Judgments Act states that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code § 15-53-20. "Any person interested under a…written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a … contract … may have determined any question of construction or validity arising under the instrument … [or] contract … and obtain a declaration of rights, status or other legal relations thereunder." S.C. Code § 15-53-30.

The Uniform Declaratory Judgments Act is not without limits. *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004). "An adjudication that would not settle the legal rights of the parties would only be advisory in nature and, therefore, would be beyond the intended purpose and scope of the Uniform Declaratory Judgments Act." *Id.* (citations omitted). "A declaratory judgment should not address moot or abstract matters." *Id.* (citing *Waller v. Waller*, 220 S.C. 212, 223, 66 S.E.2d 876, 882 (1951)).

A plaintiff must demonstrate a justiciable controversy to bring a claim for declaratory judgment. *Sunset Cay*, 357 S.C. at 423, 593 S.E.2d at 466 (citation omitted). "A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." *Id.* (citations omitted). Declaratory judgment is proper when "there is an existing controversy or at least the ripening seeds of a controversy." *Id*. (citations omitted). Declaratory judgments allow rights to be determined before they are breached, and the Uniform Declaratory Judgments

Act "should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships, without awaiting a violation of the rights or a disturbance of the relationship." *Id.* at 423-24.

This court finds that the "ripening seeds of a controversy" are planted within the attorney's fee sharing agreements between the Plaintiff and Defendant Meyers and the contingency fee agreements between the Plaintiff, Defendant Meyers, and their clients. The Anderson Defendants argue that the Minnesota settlement between themselves and Defendant Meyers fully accounted for the Plaintiff receiving his half of any attorney's fees when appropriate. (Dkt. No. 6-1 at 11.) The Anderson Defendants argue that the Minnesota settlement rendered the Plaintiff's declaratory judgment action moot. (*Id.*) The Plaintiff was not a party to the lawsuit or settlement in Minnesota. Assuming *arguendo* that the Anderson Defendants and Defendant Meyers settled all of their own disputes in the Minnesota settlement, the Plaintiff had no way of ensuring his rights established by the contracts that are the subject of the declaratory judgment action were protected by the Minnesota settlement.

The Plaintiff has no enforcement mechanism under the Minnesota settlement if the Anderson Defendants were to infringe on the Plaintiff's contractual rights with Meyers. The contracts between the Plaintiff and Defendant Meyers, on which the Plaintiff seeks declaratory judgment in this case, were not before the Minnesota court. In the event that the Anderson Defendants filed a lien on a future settlement, the Plaintiff could not enforce the terms of the Minnesota settlement to have the lien lifted. The Plaintiff would have to turn to the courts to assert his rights. Without an enforcement mechanism for the Plaintiff, the Anderson Defendants' argument that they are obligated by the Minnesota settlement not to file any liens on the Plaintiff's shares of future settlements is unavailing. It is no more than a promise to the Plaintiff

that they will not infringe on his contractual rights in the future. Therefore, this court finds that a justiciable controversy exists as to the Plaintiff's declaratory judgment action. The undersigned recommends that the Anderson Defendants' Motion to Dismiss (Dkt. No. 6) be denied as to the fourth cause of action, which seeks declaratory judgment.

## Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the Motion to Remand filed by Defendant Meyers (Dkt. No. 12) and the Motion to Remand filed by the Plaintiff (Dkt. No. 19) be **DENIED**. The court further **RECOMMENDS** that the Anderson Defendants' Motion to Dismiss (Dkt. No. 6) be **DENIED** as to the first, second and fourth causes of action, and **GRANTED** as to the third cause of action.

IT IS SO RECOMMENDED.

May 10, 2018

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).