UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **DAVID FLOWERS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JEFF ANDERSON, JEFF ANDERSON & ASSOCIATES, P.A., and GREGG MEYERS,**<br><br>**Defendants.** | Case No.: 2:17–cv–02739–RMG–MGB<br><br>**DEFENDANTS' JEFF ANDERSON AND JEFF ANDERSON AND ASSOCIATES, P.A.'S LIMITED OBJECTION TO MAGISTRATE JUDGE BAKER'S MAY 11, 2018 REPORT AND RECOMMENDATION** |

## INTRODUCTION

Defendants Jeff Anderson and Jeff Anderson and Associates, P.A. (collectively "JAA") submit this limited objection to Magistrate Judge Mary Gordon Baker's May 11, 2016 Report & Recommendation ("R&R"). JAA respectfully objects to the R&R's recommendation that the Court deny its motion to dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim related to Plaintiff David Flowers' claims of tortious interference with a contract (Counts I and II) and declaratory judgment (Count IV). JAA contends that the Court should dismiss Mr. Flowers' claims for tortious interference with a contract because Mr. Flowers has not and cannot allege two essential elements of his claim—that JAA's assertion of the liens was absent justification and that there has been a breach of the underlying contract at issue. Additionally, Mr. Flowers' claim for declaratory judgment should be dismissed because there is no justiciable controversy. Accordingly, JAA requests that the Court adopt the R&R, but modify the R&R's recommendation in part and grant JAA's motion to dismiss Mr. Flowers' claims for tortious interference with a contract and declaratory judgment.

## FACTUAL BACKGROUND

The relevant factual background is contained in the R&R is incorporated herein by reference. JAA briefly summarizes the key allegations for ease of reference for the Court.

1

**1.     The Parties.**

Mr. Flowers is a former attorney who voluntarily "placed himself on inactive status in September 2011 and has not practiced law since." (Compl. ¶ 12 (Doc. No. 1-1).) The South Carolina Supreme Court suspended Mr. Flowers from practice in 2013 for failing to file federal income tax returns for 2007 through 2010. *In re Flowers*, 741 S.E.2d 759 (S.C. 2013). Defendant Jeff Anderson is the principal at Defendant law firm Jeff Anderson & Associates, P.A. (Compl. ¶¶ 2–3.) JAA employed Defendant Gregg Meyers as an attorney from June 2011 to September 2016. (*See id.* ¶ 4.) Between 1997 and 2011, before Mr. Meyers joined JAA, Mr. Flowers worked in "tandem with [Mr. Meyers] on a number of cases prosecuted in the courts of South Carolina, mostly on behalf of victims of sexual abuse." (*Id.* ¶ 9.) Mr. Flowers contends that throughout the time he worked with Mr. Meyers, they "had a long-standing agreement to share fees earned on cases on a 50-50 basis." (*Id.* ¶ 10.)

**2.     JAA Files a Complaint Against Mr. Meyers in Minnesota.**

When JAA terminated Mr. Meyers, JAA informed Mr. Meyers that he would be responsible for communicating with any clients he worked closely with to determine whether they elected to retain him after he was required to leave JAA (the "Contested Clients"). (Doc. No. 6–2 at 8.)[1] Ultimately, 29 Contested Clients elected to retain Mr. Meyers when he departed from JAA. (*See id.* at 9.) When Mr. Meyers left JAA, he alleged he had no agreement with JAA on the split of the contingent fees recovered on the Contested Clients' cases and JAA was entitled to none of the fees. (*Id.* at 10.) As a result, JAA secured a lien over any fees recovered in the Contested Clients' cases pursuant to Rule 1.15(e) South Carolina Rules of Professional Conduct. (*Id.*) JAA then served Mr. Meyers with a Summons and Complaint in Minnesota state

---

[1] All references to Doc. No. 6–2 refer to court documents filed in support of JAA's motion to dismiss. In ruling on a motion to dismiss under Rule 12(b)(1), the court may consider exhibits outside the pleadings. *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995). Additionally, a court may take judicial notice of docket entries, pleadings, and papers in deciding a Rule 12(b)(6) motion to dismiss. *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Bey v. Shapiro*, 997 F. Supp. 2d 310, 316 n.4 (D. Md. 2014) *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (judicial notice of state court docket entries).

court on March 21, 2017 alleging unjust enrichment/*quantum meruit*. (*Id.* at 10–11.)

3.     **After JAA Filed Its Complaint in Minnesota, Mr. Meyers Filed a Motion in South Carolina to Determine the Allocation of Fees in the John Doe 10 Case.**

One of the Contested Client cases was John Doe 10 (the only Contested Client mentioned in Mr. Flower's Complaint). (*See* Compl. ¶¶ 15, 20, 26, 33, 36.) In 2010, John Doe 10 engaged Mr. Meyers to bring an action against the Diocese of South Carolina related to childhood sexual abuse in South Carolina state court. Mr. Flowers alleges that he referred John Doe 10 to Mr. Meyers. (*See* Compl. ¶ 15.) In June 2011, when Mr. Meyers began working at JAA, he brought John Doe 10's case (along with other cases) with him to JAA. (Doc. No. 6–2 at 5.) When JAA terminated Mr. Meyers in September 2016, John Doe 10 elected to remain with Mr. Meyers. (*Id.* at 15–16.) In May 2017, a partial settlement was reached in the John Doe 10 case. (*Id.*)

4.     **JAA and Mr. Meyers Settle the Minnesota Action.**

A week after Mr. Flowers filed this lawsuit on June 15, 2017, JAA and Mr. Meyers reached a settlement regarding the division of fees for the Contested Clients. (R&R at 3.) The parties read the agreement into the record in Minnesota state court. (Doc. No. 6–2 at 20–31.) Of the 29 Contested Client cases, Mr. Flowers referred eleven of the clients to Mr. Meyers. (*Id.*) For those eleven clients—including John Doe 10—the parties reached an agreement that 50% of the contingency fee recovered on those cases would be paid to Mr. Flowers. (*Id.*) On June 28, 2017, six days after JAA and Mr. Meyers reached a settlement, a South Carolina state court issued an order regarding the fee split for the John Doe 10 recovery. (R&R at 3.) The Order directed the disbursement of half of the attorney's fees in John Doe 10's case to Mr. Flowers. (*Id.*)

5.     **Mr. Flowers Commences an Action in South Carolina State Court Against JAA.**

On September 15, 2017—approximately *three months* after Mr. Flowers received his share of the fees on the John Doe 10 case—Mr. Flowers provided JAA's counsel with a copy of the Complaint. Mr. Flowers alleged that between 1997 and 2011 he worked in "tandem with Defendant Gregg Meyers on a number of cases prosecuted in the courts of South Carolina, mostly on behalf of victims of sexual abuse." (Compl. ¶ 9.) Mr. Flowers asserts that throughout

3

the time he worked with Mr. Meyers, they "had a long-standing agreement to share fees earned on cases on a 50-50 basis." (*Id.* ¶ 10.)

Mr. Flowers' Complaint contains four counts. First, Mr. Flowers alleges two counts of tortious interference with a contract (Counts I and II) against JAA related to the John Doe 10 case. (*Id.* at 2–6.) Second, Mr. Flowers alleges a count under the South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA"). (*Id.* at 6–7.) Last, Mr. Flowers alleges a count for Declaratory Judgment to determine the amount of fees that he should obtain on any of the Contested Clients' cases he claimed an interest. (*Id.* 7–9.)

**6.     JAA Moves to Dismiss Mr. Flowers' Complaint and Magistrate Judge Baker issues an R&R Granting the Motion in Part and Denying the Motion in Part.**

On October 13, 2017, JAA filed a motion to dismiss Mr. Flower's Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 6.) On October 23, 2017, Mr. Meyers filed a motion to remand and Mr. Flowers filed a motion to remand on December 4, 2017. (Doc. Nos. 12, 19.) On May 11, 2017, Magistrate Judge Baker issued an R&R recommending that this Court grant JAA's motion to dismiss Mr. Flowers' claim under SCUTPA, but declining to dismiss Mr. Flowers' tortious interference with a contract claims and claim for declaratory judgment. (Doc. No. 28.) Magistrate Judge Baker also recommended denying Mr. Meyers and Mr. Flowers' motion to remand. (*Id.* at 3–7.)

JAA respectfully submits this limited objection to Magistrate Judge Baker's R&R and requests that the Court adopt the R&R, but modify the R&R's recommendation and grant JAA's motion to dismiss Mr. Flowers' claims for tortious interference and declaratory judgment.

## STANDARD OF REVIEW

South Carolina District Courts hold that "[t]he Magistrate Judge makes only a recommendation to this Court." *Walker v. Progressive Cas. Ins. Co.*, 2017 WL 4617031, at *2 (D.S.C. Oct. 16, 2017). The recommendation "has no presumptive weight." *Id.* The "responsibility of making a final determination" remains with the district court judge. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This Court is "charged with making a *de novo* review of

4

those portions of the Report and Recommendation to which specific objection is made." *McDowell v. Astrue*, 2012 WL 967095, at *1 (D.S.C. Mar. 21, 2012). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Walker*, 2017 WL 4617031, at *2. The Court "may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." *Id.*

## ARGUMENT

The Court should dismiss Mr. Flowers' claims for tortious interference and declaratory judgment. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court is constrained to "take the facts in the light most favorable to the plaintiff it need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Walker*, 2017 WL 4617031, at *2.

A case may also be dismissed for lack of subject matter jurisdiction where the claims are moot. The appropriate means for challenging the mootness of a case is a motion under Fed. R. Civ. P. 12(b)(1). *Estate of Peeples v. Barnwell Cty. Hosp.*, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014). The burden of showing subject matter jurisdiction on a Rule 12(b)(1) motion rests with the party invoking it. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining "whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." *Richmond v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted). The district court should apply the "standard applicable to a motion for summary judgment." *Id.* When court determines a plaintiff's claim is rendered moot, the court is divested of subject matter jurisdiction to decide the questions presented and must dismiss the action. *Simmons v. United Mortgage*, 634 F.3d 754, 762 (4th Cir. 2011); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

5

the court must dismiss the action.").

The Court should grant JAA's objections to the R&R and dismiss Mr. Flowers' tortious interference with a contract and declaratory judgment claims for the reasons set forth below.

## I.     The Court Should Dismiss Mr. Flowers' Claims for Tortious Interference.

Mr. Flowers' claims for tortious interference with a contract fails to state a claim under South Carolina Law. The elements for a claim of tortious interference with a contract are: (1) existence of a contract; (2) the defendant's knowledge of a contract; (3) intentional procurement of the contract's breach; (4) absence of justification; and (5) damages. *Dutch Fork Dev. Grp. II, LLC v. SEL Prop., LLC*, 753 S.E.2d 840, 844 (2012). The R&R recommended denying JAA's motion to dismiss Mr. Flowers' claims for tortious interference with a contract because "[b]oth of the Plaintiff's claims for tortious interference allege the required elements in *Dutch Fork Dev. Grp. II, LLC*." (R&R at 9.) However, the R&R never addressed the required elements of "absence of justification" or breach of the underlying contract in making its recommendation. (*Cf. id.*) As such, the Court should dismiss Mr. Flower's claims for tortious interference with a contract and the R&R should be reconsidered *de novo* and corrected by this Court for at least two independent reasons.

***First,*** Mr. Flowers' Complaint does not and cannot allege that JAA's lien over the John Doe 10 case—the only case at issue in the Complaint—was without justification, which is a requirement for the tortious interference with a contract claim. *Dutch Fork Dev. Grp. II*, 753 S.E.2d at 844. Absence of justification "means conduct that is carried out for an improper purpose, such as malice or spite, or through improper means, such as violence or intimidation." *BCD LLC v. BMW Mfg. Co. LLC*, 360 F. App'x 428, 435 (4th Cir. 2010). Interference with a contract is justified under South Carolina law when "acting in advancement of its **legitimate business interests or legal rights**." *Id.* (citation omitted and emphasis added); *accord Gaillard v. Fleet Mortg. Corp.*, 880 F. Supp. 1085, 1089 (D.S.C. 1995) (citing cases); *see also BCD, LLC v. BMW Mfg. Co., LLC*, 2008 WL 304878, at *21 (D.S.C. Jan. 31, 2008) (stating that whether

6

justification exists is a question of law for the Court). A party who exercises a legitimate business interest or legal right "**affords no basis for an action by the second party for intentional interference with a contract**." *Webb v. Elrod*, 418 S.E.2d 559, 561 (S.C. App. 1995) (emphasis added). Justification exists "whenever a party is enforcing a 'legal right'" and "[t]he justification element applies to any legal right, including statutory rights." *BCD*, 2008 WL 304878, at *21 (citation omitted); *see also McDonald v. Nixon Energy Sols.*, 2017 WL 1836937, at *8 (D.S.C. May 8, 2017) (dismissing tortious interference claim because the plaintiff could not show an absence of justification when the defendant asserted a security interest).

South Carolina courts regularly grant motions to dismiss when a plaintiff cannot allege a defendant tortuously interfered with a contract without justification. For example, in *Sellers v. SC Autism Society*, 2012 WL 1015807, at *6 (D.S.C. Feb. 22, 2012), this Court held that the plaintiff had not alleged "why the purpose or methods" that purportedly impacted her contract by a third party to the contract were "improper" and therefore failed to "state a plausible claim for tortious interference with a contract." Similarly, in *PTA-FLA v. ZTE*, 2015 WL 13593694, at *19 (D.S.C. July 27, 2015), this Court dismissed the plaintiff's tortious interference claim because it "fail[ed] to allege facts supporting a plausible inference of lack of justification." This was because the plaintiff failed to "raise a plausible inference" that the defendant's actions, which impacted its contract with a third party, were "carried out for an improper purpose, such as malice or spite, or through improper means, such as violence or intimation." *Id.*

Here, Mr. Flowers does not allege in his Complaint that JAA's assertion of a lien over the fees recovered in the John Doe 10 case pursuant to Rule 1.5(e) of the South Carolina Rules of Professional conduct was without justification. (*Cf.* Compl. ¶¶ 1–45.) For this reason alone the Court should grant JAA's motion to dismiss. Nevertheless, even if Mr. Flowers made such an allegation, the allegation would fail as a matter of law because, as in *Sellers* and *PTA-FLA*, Mr. Flowers cannot plausibly allege that JAA's assertion of the lien was without justification. JAA asserted its lien in the John Doe 10 matter pursuant to a legal right under Rule 1.5(e) of the South Carolina Rules of Professional Conduct. And the lien JAA filed was necessary both as a legal

matter and a legitimate business interest. Indeed, JAA and Mr. Meyers entered into a settlement agreement determining JAA's right to contingency fees on the John Doe 10 case (as well as all other Contested Client's cases) despite the fact that Mr. Meyers initially asserted that JAA was entitled to none of the fees recovered on the John Doe 10 case (or any other Contested Clients' case). (Doc. No. 6–2 at 20–31.)

*Second*, Mr. Flowers' claims for tortious interference with a contract also fail because he has not and cannot show that any of his alleged agreements with Mr. Meyers were breached. South Carolina courts hold that "tortious interference with contract is only possible when that interference has caused an underlying contractual breach." *Collins Entm't v. Drew Distrib.*, 173 F.3d 849 (4th Cir. 1999) (citing *Collins Music v. Smith*, 503 S.E.2d 481, 482 (S.C. App. 1998) ("The nexus between the two causes of action is the breach of contract for . . . breach of the contract is an element of both causes of action."); *Eldeco*, 642 S.E.2d at 732 (breach of contract is an "essential element" of a tortious interference claim). The alleged act of interference "must influence, induce, or coerce one of the parties to the contract to abandon the relationship or breach the contract." *Bocook Outdoor Media v. Summey Outdoor*, 363 S.E.2d 390, 394 (S.C. App. 1987), *overruled on other grounds, O'Neal v. Bowles*, 431 S.E.2d 555 (S.C. 1993).

In this case, Mr. Flowers does not and cannot allege that Mr. Meyers breached his alleged contract with Mr. Flowers related to the John Doe 10 case (or any other case). Mr. Flowers alleges in his Complaint that he had an agreement with Mr. Meyers to receive 50% of any funds recovered on the John Doe 10 case. (Compl. ¶¶ 10, 15, 19, 33, 35, 36.) He also asserts that JAA had asserted a lien over the recoveries in the JAA case. (*Id.* ¶¶ 22, 38.) Mr. Flowers then summarily alleges that because JAA asserted this lien its actions "constitutes tortious interference with an existing and lawful contract." (*Id.* ¶¶ 29, 45.) But at no point does Mr. Flowers allege that Mr. Meyers breached his contract related to the John Doe 10 case (or any other case). (*Cf.* 1–45.) Nor could he as less than two weeks after Mr. Flowers filed this Complaint, an Order was entered in the Court of Common Pleas for Charleston County requiring the disbursement of half of the attorney's fees in John Doe 10's case be paid to Mr. Flowers.

8

(R&R at 3.) The alleged agreement between Mr. Meyers and Mr. Flowers was thus followed exactly as Mr. Flowers alleges it should have been.

Because Mr. Flowers' Complaint does not and cannot plausibly allege a claim for tortious interference with a contract, JAA respectfully objects to the R&R and requests that the Court dismiss Counts I and II of the Complaint.

## II.     The Court Should Dismiss Mr. Flowers' Claim for Declaratory Judgment.

The Court should also dismiss Mr. Flowers' claim for declaratory judgment. Under South Carolina law, the Uniform Declaratory Judgments Act states that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code § 15-53-20. "Any person interested under a . . . written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder." *Id.* § 15-53-30.

The Uniform Declaratory Judgement Acts, however, is not without limits. An adjudication that would not "settle the legal rights of the parties would only be advisory in nature . . . would be beyond the intended purpose and scope of the Uniform Declaratory Judgments Act." *Sunset Cay, LLC v. City of Folly Beach*, 593 S.E.2d 462, 466 (S.C. 2004). A declaratory judgment "should not address moot or abstract matters." *Id.* (citing *Waller v. Waller*, 66 S.E.2d 876, 882 (S.C. 1951)). A plaintiff must demonstrate a justiciable controversy to bring a claim for declaratory judgment. *Sunset Cay*, 593 S.E.2d at 466. A justiciable controversy "is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." *Id.* (citations omitted). Declaratory judgment is only proper when "there is an existing controversy or at least the ripening seeds of a controversy." *Id.*

Here, Mr. Flowers' claim for declaratory judgment is moot and should be dismissed. In

the R&R, the Court found Mr. Flowers had stated a claim for declaratory judgment because there were "ripening seeds of a controversy" regarding the fee sharing arrangement between JAA, Mr. Meyers, and Mr. Flowers. (R&R at 15.) The Court found such a "ripening seed" because Mr. Flowers alleged in his Complaint that JAA had filed liens in the past over Contested Clients' cases and Mr. Flowers is not a party to the Minnesota settlement agreement. (*Id.*) JAA respectfully submits that this finding in the R&R should be reconsidered *de novo* and corrected.

JAA entered into an agreement with Mr. Meyers obligating Mr. Meyers to disperse to Mr. Flowers 50% of all fees earned on cases referred by Mr. Flowers that Mr. Meyers worked on at JAA. (Doc. No. 6–2 at 20–31.) There is thus no controversy for the Court to adjudicate.

Moreover, it has been *almost one year* since Mr. Flowers filed this lawsuit in June 2016 and JAA has not filed any liens over any of the Contested Client cases. Therefore, there is no "ripening seeds of a controversy" but rather only mere speculation that JAA may file another lien in one of the Contested Clients' cases in the future. Such conjecture is insufficient to invoke the Court's jurisdiction over Mr. Flowers' declaratory judgment claim. *See, e.g.*, *Sunset Cay*, 593 S.E.2d at 466 (a justiciable controversy for a declaratory judgment claim cannot be based on benevolent speculation); *Waller*, 66 S.E.2d at 882 (a declaratory judgment "should not address moot or abstract matters"); *Power v. McNair*, 255 S.C. 150, 154 (S.C. 1970) (dismissing declaratory judgment claim because "an adjudication of the present question would settle no legal rights of the parties [and] would only be advisory"); *see also Scottsdale Ins. v. Simco*, 2012 WL 13005829, at *2 (D.S.C. Dec. 5, 2012) (dismissing claim for declaratory judgment because of a settlement agreement rendering the action moot).

Since JAA does not dispute the relief Mr. Flowers seeks in his claim for declaratory judgment, there is no case or controversy for the Court to adjudicate. The R&R recommended denying the motion to dismiss because Mr. Flowers was not a party to the Minnesota settlement agreement and has no "enforcement mechanism" to protect his rights, (R&R at 15), but JAA has and will continue to comply with the Minnesota Settlement Agreement. The Court should thus dismiss Mr. Flowers' declaratory judgment claim.

## CONCLUSION

For the foregoing reasons, JAA respectfully requests that the Court adopt the R&R in part, but correct the R&R's recommendation to deny JAA's motion to dismiss Mr. Flowers' claims for tortious interference with a contract and declaratory judgment.

Dated:  May 25, 2018                **DUFFY & YOUNG, LLC**

s/ Rutledge Young III
Rutledge Young III (Fed. Bar No. 7260)
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com

Barry M. Landy (MN #391307), *pro hac vice*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
Fax: (612) 361-8242
E-mail: bml@ciresiconlin.com

**ATTORNEYS FOR DEFENDANTS JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.**