UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Flowers,<br><br>                    Plaintiff,<br><br>v.<br><br>Jeff Anderson, Jeff Anderson & Associates, P.A., and Gregg Meyers,<br><br>                    Defendants. | Court File No.: 2:17–cv–02739–BHH–MGB<br><br>**Defendants' Jeff Anderson and Jeff Anderson and Associates, P.A.'s Reply to Defendant Gregg Meyers' "Return" to Their Limited Objection to Magistrate Judge Baker's May 11, 2018 Report and Recommendation** |

The Court should disregard Defendant Meyers' "Return" to JAA's[1] limited Objection for at least two reasons.[2]

*First*, Defendant Meyers argues that the Court cannot consider factual maters outside of Plaintiff David Flowers' Complaint. (Meyer Return at 1 (Doc. No. 31).) This is wrong. As the R&R stated, (Doc. No. 28 at 7), and JAA pointed out in its limited Objection, (Doc. No. 30 at 2 n.1), in ruling on a motion to dismiss under Rule 12(b)(1), the court may consider exhibits outside the pleadings. *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995). Similarly, a court may take judicial notice of docket entries, pleadings, and papers in deciding a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Bey v. Shapiro*, 997 F. Supp. 2d 310, 316 n.4 (D. Md. 2014) *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (judicial notice of state court docket entries). Defendant Meyers does not address this well-established authority.

**Second,** Defendant Meyers contends that Plaintiff Flowers' declaratory judgment claim against JAA and *him* is not moot because "on March 27, 2018, [JAA] most recently asserted, in

---

[1] Defined terms have the same meaning as in JAA's Limited Objection. (Doc. No. 28.)

[2] Defendant Meyers' "Return to Objection" is puzzling for many reasons. Most notably, it is odd that Defendant Meyers' "Return to Objection" requests that the Court does not dismiss Plaintiff David Flowers' count for Declaratory Judgment, which is *the only count in the Complaint specifically alleged against Defendant Meyers*. (Compl. ¶¶ 55–65.)

1

writing, yet another false claim about their entitlements in various cases in which plaintiff and Mr. Meyers have an interest." (Meyers' Return at 2.) Defendant Meyers' statement is not only a misrepresentation, but also misses the point. As an initial matter, JAA believed that some of the Contested Clients' cases subject to the Minnesota Settlement Agreement between JAA and Defendant Meyers had resolved. JAA wrote a letter to Mr. Meyers requesting payments to JAA on those resolved cases. (Ex. A.) Once Mr. Flowers informed JAA that the cases JAA believed had resolved were on appeal, JAA pressed the issue no further. (Ex. B.)

In any event, Plaintiff Flowers' claim for declaratory judgment is based on his request that for any of the resolved Contested Clients' cases he should receive 50% of any recovery. (Compl. ¶¶ 2, 64.) But JAA entered into an agreement with Defendant Meyers obligating Defendant Meyers to disperse to Plaintiff Flowers 50% of all fees earned on the Contested Clients' cases that Defendant Meyers worked on while at JAA. (Doc. No. 6–2 at 20–31.) Thus, pursuant to the Minnesota Settlement Agreement, JAA does not dispute the ultimate relief Plaintiff Flowers seeks in his declaratory judgment claim—50% of the recovery on any of the Contested Clients' cases.[3] There is no case or controversy for the Court to adjudicate. *See, e.g.*, *Waller v. Waller*, 66 S.E.2d 876, 882 (S.C. 1951) (a declaratory judgment "should not address moot or abstract matters").

Accordingly, the Court should disregard Defendant Meyers' "Return to Objection" and sustain JAA's limited objection requesting the Court adopt the R&R in part, but correct the R&R's recommendation to deny JAA's motion to dismiss Plaintiff Flowers' claims for tortious interference with a contract and declaratory judgment.

---

[3] To the extent Plaintiff Flowers asserts that declaratory relief is necessary because JAA may file an attorney lien over potential recoveries in the Contested Clients' cases, (Compl.¶¶ 59–62), such assertion is nonsense in light of the Minnesota Settlement Agreement and is too speculative to justify the Court invoking its jurisdiction under the Declaratory Judgments Act. *See, e.g.*, *Sunset Cay, LLC v. City of Folly Beach*, 593 S.E.2d 462, 466 (S.C. 2004) (a justiciable controversy for a declaratory judgment claim cannot be based on benevolent speculation)

Dated: June 5, 2018

**DUFFY & YOUNG, LLC**

s/ Rutledge Young III
Rutledge Young III (Fed. Bar No. 7260)
96 Broad Street
Charleston, SC 29401
Telephone: (843) 270-2044
E-mail: ryoung@duffyandyoung.com

Barry M. Landy (MN #391307), *pro hac vice*
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 361-8200
Fax: (612) 361-8242
E-mail: bml@ciresiconlin.com

**ATTORNEYS FOR DEFENDANTS JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.**

3