```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF SOUTH CAROLINA
           CHARLESTON DIVISION
```

| | |
|---|---|
| David Flowers, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-cv-2739-BHH |
| v. ) | |
| ) | **ORDER** |
| Jeff Anderson; Jeff Anderson & Associates, ) | |
| P.A.; and Gregg Meyers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report"), which was made in accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.). In her Report, the Magistrate Judge recommends that the Court deny the motions to remand filed by Defendants Gregg Meyers ("Meyers") and Plaintiff David Flowers ("Flowers") (ECF Nos. 12 and 19, respectively), and that the Court deny the motion to dismiss filed by Defendants Jeff Anderson and Jeff Anderson & Associates, P.A. (referred to collectively as "the Anderson Defendants") as to Plaintiff's first, second, and fourth causes of action (for tortious interference with contract against he Anderson Defendants and declaratory judgment against all Defendants) but grant the motion as to Plaintiff's third cause of action (for violation of the South Carolina Unfair Trade Practices Act against the Anderson Defendants).

Attached to the Magistrate Judge's Report was a notice advising the parties of their right to file written objections to the Report without fourteen days of receiving a copy. On May 25, 2018, the Anderson Defendants filed a limited objection to the Report, specifically objecting to the Magistrate Judge's recommendation that the Court deny their motion to

dismiss with respect to Plaintiffs' first, second, and fourth causes of action. Plaintiff and Defendant Meyers each filed responses to the Anderson Defendants' objections, and the Anderson Defendants filed a reply. For the reasons set forth herein, the Court overrules the Anderson Defendants' objections and adopts the Magistrate Judge's Report.

## **BACKGROUND**

No party objected to the Magistrate Judge's summary of the factual allegations and the procedural history, which were taken from Plaintiff's complaint. Therefore, the Court adopts those portions of the Report and adds the following facts simply for context.

Plaintiff is a former South Carolina attorney who voluntarily placed himself on inactive status in September of 2011. From 1997 through 2011, Plaintiff worked with Defendant Meyers, who is a South Carolina attorney. Upon ceasing to practice law, Plaintiff maintained a longstanding 50% interest in attorney's fees in the cases that remained pending with Defendant Meyers.

Defendant Meyers also was previously employed with the Anderson Defendants. In June of 2017, the Anderson Defendants and Defendant Meyers settled a separate dispute in Minnesota related to the division of attorney's fees on cases shared by the Anderson Defendants and Defendant Meyers. Plaintiff was not a party to the Minnesota suit or settlement.

In this action, Plaintiff alleges that he has an interest in a contract with a former client known as John Doe 10, where the client agreed to pay Defendant Meyers and Plaintiff, collectively, a 40% contingency fee. Plaintiff claims that the Anderson Defendants were aware of Plaintiff's interest in this contract since 2011, but that when Defendant Meyers settled the John Doe 10 case, the Anderson Defendants objected to the

disbursement of the fee to Plaintiff and asserted a claim against Plaintiff's interest in the contract between Plaintiff and John Doe 10. The third-party law firm holding the fee could not disburse the payment to Plaintiff because of the Anderson Defendants' objection, but since this lawsuit was filed, an order was entered in the Court of Common Pleas for Charleston County by the Honorable John J.C. Nicholson, Jr., directing the disbursement of 50% of the attorney's fees in John Doe 10's case to Plaintiff.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

**I.     Plaintiff's and Defendant Meyers' Motions to Remand**

As an initial matter, no party objected to the Magistrate Judge's recommendation

that the Court deny the motions to remand filed by both Plaintiff and Defendant Meyers. After reviewing the matter for clear error, the Court finds none and agrees with the Magistrate Judge that Defendant Meyers' consent to removal was not necessary because he is a nominal party. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013). Moreover, because Meyers is a nominal party, his citizenship is irrelevant for purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Accordingly, the Court adopts this portion of the Magistrate Judge's Report and denies the motions to remand filed by Plaintiff (ECF No. 19) and Defendant Meyers (ECF No. 12).

## II.     The Anderson Defendants' Motion to Dismiss

As the Magistrate Judge explained, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction, and a motion to dismiss pursuant to Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. The appropriate means for challenging the mootness of a case is a motion under Rule 12(b)(1). "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523 (1988) (citations omitted). "'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction . . . .'" *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). The burden of showing subject matter jurisdiction in the face of a Rule 12(b)(1) motion rests with the plaintiff, and the Court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside

4

the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Plaintiff's Third Cause of Action for Violation of the South Carolina Unfair Trade Practices Act

In her Report, the Magistrate Judge recommends that the Court grant the Anderson Defendants' motion to dismiss as to Plaintiff's third cause of action for violation of the South Carolina Unfair Trade Practices Act on the basis that Plaintiff's complaint fails to allege that Defendants' alleged actions affected the public interest. *See Morgan v. HSBC Bank USA, Nat'l Ass'n*, No. 6:13-cv-3593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015). No party filed written objections to this recommendation, and after reviewing the matter for clear error, the Court finds none and agrees with the Magistrate Judge that Plaintiff has failed to sufficiently plead a claim under the South Carolina Trade Practices

5

Act for the reasons set forth in the Report. Accordingly, the Court adopts this portion of the Magistrate Judge's Report and grants the Anderson Defendants' motion to dismiss with respect to Plaintiff's third cause of action.

Next, however, in her Report, the Magistrate Judge recommends that the Court deny the Anderson Defendants' motion to dismiss with respect to Plaintiffs' first, second, and fourth causes of action. The Anderson Defendants object to this recommendation and assert that the Court should grant their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because (1) Plaintiff has failed to allege all required elements of his claims against them for tortious interference with contract and (2) because there is no justiciable controversy underlying Plaintiff's claim for declaratory judgment against all Defendants.

### B. Plaintiff's First and Second Causes of Action for Tortious Interference with Contract

As previously mentioned, the Anderson Defendants object to the Magistrate Judge's recommendation that the Court deny their motion to dismiss Plaintiff's first and second causes of action against them for tortious interference with contract. Specifically, the Anderson Defendants contend that the Magistrate Judge failed to address whether Plaintiff's complaint sufficiently alleges the required elements of "absence of justification" or breach of the underlying contract. The Anderson Defendants claim that Plaintiff's complaint does not and cannot allege absence of justification because the Anderson Defendants were enforcing their legal right under Rule 1.5(e) of the South Carolina Rules of Professional Conduct. In addition, the Anderson Defendants contend that nowhere does Plaintiff allege that Meyers breached his contract related to the John Doe 10 case or

any other case.

"The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." *Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993); *see also Dutch Fork Dev. Group II, Llc v. SEL Props., LLC*, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012) (quoting the same). Here, after review, the Court finds that Plaintiff's complaint sufficiently alleges the elements of tortious interference with contract to survive the Anderson Defendants' motion to dismiss.

First, with respect to Plaintiff's first cause of action, Plaintiff alleges that he had a binding contract with a former client known as John Doe 10, and that the Anderson Defendants were aware of this contract. (ECF No. 1-1 ¶¶ 15, 16.) Next, Plaintiff alleges that the Anderson Defendants objected to the disbursement of the fee, which was being held in trust, and asserted an interest in the fee despite the fact that the Anderson Defendants were not parties to the contract between him and the client, thereby causing Plaintiff damages. (*Id*. ¶¶ 22-29.) Likewise, with respect to Plaintiff's second cause of action, Plaintiff alleges that he had a contract with Defendant Meyers to share on a 50/50 basis all attorney's fees earned in certain cases and that the Anderson Defendants were aware of this contract since 2011. (*Id.* ¶¶ 31, 32.) Next, Plaintiff alleges the Anderson Defendants objected to the disbursement of the fee earned from John Doe 10 despite the fact both that Defendant Meyers acknowledged Plaintiff's interest in the fee and that the Anderson Defendants were not parties to the contract between Plaintiff and Defendant Meyers. (*Id.* ¶¶ 36-45.)

After consideration, the Court disagrees with Defendants that Plaintiff has failed to sufficiently allege absence of justification, as a review of Plaintiff's complaint makes it clear that Plaintiff alleges that the Anderson Defendants have no legal or equitable interest in the fee owed to Plaintiff under either his contract with John Doe 10 or his contract with Meyers. In all, it's clear from a review of Plaintiff's complaint that he *alleges* that the Anderson Defendants acted wrongfully in placing a lien on the fees allegedly owed to him. In addition, the Court disagrees with Defendants that Plaintiff "has not and cannot show that any of his alleged agreements with Mr. Meyers were breached." (ECF No. 30 at 8.) Here again, Plaintiff alleges that he was owed certain fees pursuant to agreements with John Doe 10 and Defendant Meyers and that those individuals agreed that Plaintiff was owed certain fees pursuant to those agreements. According to the allegations of Plaintiff's complaint, those individuals were unable to disburse those fees to Plaintiff (until being ordered by another court to do so) because the Anderson Defendants asserted an allegedly unlawful lien on those fees.[1] The Court finds these factual allegations sufficient to state plausible claims for tortious interference with contract. Accordingly, the Court overrules the Anderson Defendants' objections and denies the Anderson Defendants' motion to dismiss with respect to Plaintiff's first and second causes of action.

### C. Plaintiff's Fourth Cause of Action for Declaratory Judgment

The Anderson Defendants object to the Magistrate Judge's recommendation that the Court deny their motion to dismiss with respect to Plaintiff's claim for declaratory

---

[1] Moreover, although not specifically objected to, the Court notes that it agrees with the Magistrate Judge that the fact that another court ultimately ordered the payment of the attorney's fees in John Doe 10's case to Plaintiff after the filing of this suit does not render Plaintiff's claims for tortious interference with contract moot, because the tort claim was not necessarily satisfied merely by receiving the fees.

judgment against all Defendants. Specifically, the Anderson Defendants assert that Plaintiff's claim is moot because the Anderson Defendants entered into a separate agreement with Defendant Meyers in Minnesota that obligates Meyers to disburse certain fees to Plaintiff in the future. In addition, the Anderson Defendants assert that any declaratory relief would be overly speculative because the Anderson Defendants have not filed any additional liens over any contested client cases. Finally, the Anderson Defendants assert that there is no case or controversy for the Court to adjudicate because they do not dispute the relief Plaintiff seeks and will comply with the terms of the Minnesota settlement.

After consideration, the Court is not convinced by any of the Anderson Defendants' objections on this point. Rather, the Court agrees with the Magistrate Judge that the fee sharing agreements involving Plaintiff, Defendant Meyers, and the Anderson Defendants plant the "ripening seeds of a controversy." Moreover, although the Anderson Defendants reached a settlement with Defendant Meyers in the Minnesota action, Plaintiff was not a party to that action and has no way to enforce that agreement if the Anderson Defendants infringe on Plaintiff's contractual rights with contested clients or with Defendant Meyers. In addition, as a practical matter, contracts between Plaintiff and Defendant Meyers simply were not before the Minnesota court. Although the Court recognizes that the Anderson Defendants assert that they "will continue to comply with the Minnesota settlement agreement," this mere promise does not render moot what the Court finds to be a justiciable controversy. As such, the Court overrules the Anderson Defendants' objections and denies their motion to dismiss Plaintiff's fourth cause of action.

**CONCLUSION**

For the foregoing reasons, the Court overrules the Anderson Defendants' objections (ECF No. 30); the Court adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 28); the Court denies Defendant Meyers' motion to remand (ECF No. 12); the Court denies Plaintiff's motion to remand (ECF No. 19); the Court denies the Anderson Defendants' motion to dismiss (ECF No. 6) with respect to Plaintiff's first, second, and fourth causes of action, but grants the motion to dismiss with respect to Plaintiff's third cause of action.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

August 21, 2018
Charleston, South Carolina