**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| DAVID FLOWERS, | ) | **Civil Action No.: 2:17-cv-02739-BHH-MGB** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ANSWER OF DEFENDANTS** |
| vs. | ) | **JEFFREY ANDERSON, AND JEFF** |
| | ) | **ANDERSON & ASSOCIATES, P.A.** |
| JEFFREY ANDERSON, ANDERSON & | ) | **TO PLAINTIFF'S COMPLAINT** |
| ASSOCIATES, P.A., and GREGG | ) | |
| MEYERS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**COME NOW** Defendants Jeffrey Anderson and Jeff Anderson & Associates, P.A. ("JAA") (collectively "Defendants") submit the following Answer in Response to Plaintiff David Flower's Complaint (ECF No. 1) (hereinafter "the Complaint"). Defendants deny each and every allegation, matter, and thing set forth herein, except as otherwise expressly admitted, qualified, or answered below.

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 1 and therefore deny the same.

2.      Mr. Anderson admits the allegations contained in Paragraph 2.

3.      JAA admits the allegations contained in Paragraph 3 with the exception that Anderson & Associate, P.A. is not a legal entity registered in Minnesota. Rather, the law firm is named Jeff Anderson & Associates, P.A.

4.      JAA admits that Mr. Meyers was employed by JAA from approximately June 2011 to September 2016 and that he practices law in the state of South Carolina. JAA denies all remaining allegations in Paragraph 4.

5.      Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent, a response is required; Mr. Anderson admits the allegation in Paragraph 5.

6.      Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, JAA admits the allegation in Paragraph 6 with the exception that Anderson & Associate, P.A. is not a legal entity registered in Minnesota. Rather, the law firm is named Jeff Anderson & Associates, P.A.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the same.

8.      Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the same.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the same.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the same. Defendants state that they are aware that in 2013 the South Carolina Supreme Court suspended Plaintiff from practice for failing

to file federal income tax returns for the tax years 2007 through 2010. *In re Flowers*, 741 S.E.2d 759 (S.C. 2013).

13.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the same.

## FOR A FIRST CAUSE OF ACTION
### (Tortious or Intentional Interference With Contract
### against Defendants Jeffrey Anderson and Anderson & Associates only)

14.     In response to Paragraph 14, Defendants repeat and incorporate each response to each Paragraph above as though fully set forth herein.

15.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the same.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that the John Doe 10 case has settled. Defendants deny all remaining allegations contained in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     JAA admits that it entered into a settlement agreement on June 22, 2017 with Defendant Meyers (the "Minnesota Settlement Agreement") that provided Defendant Meyers is to pay Plaintiff 50% of the contingency fee recovered on the John Doe 10 case as the referring attorney. Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants deny all remaining allegations contained in Paragraph 19.

20.     Defendants admit that on June 28, 2017, a South Carolina state court judge— pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%,

allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore deny the same.

21.     Defendants admit that on June 28, 2017, a South Carolina state court judge—pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny the same.

22.     Defendants admit that JAA secured a lien pursuant to South Carolina Rules of Professional Conduct 1.15(e) over any fees recovered in John Doe 10's case after Defendant Meyers left JAA and John Doe 10 elected to retain Defendant Meyers as counsel because Defendant Meyers alleged JAA was entitled to no fees recovered on John Doe 10's case. Defendants further admit on June 28, 2017, a South Carolina state court judge—pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants deny all remaining allegations contained in Paragraph 22.

23.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 that a contract exists between Plaintiff and John Doe 10. Defendants deny all remaining allegations in Paragraph 23.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 that a contract exists between Plaintiff and John Doe 10. Defendants deny all remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

### FOR A SECOND CAUSE OF ACTION
### (Tortious of Intentional Interference With Contract
### against Defendants Jeffrey Anderson and Anderson & Associates only)

30.     In response to Paragraph 30, Defendants repeat and incorporate each response to each Paragraph above as though fully set forth herein.

31.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the same.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants admit that the John Doe 10 case has settled. Defendants deny all remaining allegations contained in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     JAA admits that the Minnesota Settlement Agreement provided Defendant Meyers is to pay Plaintiff 50% of the contingency fee recovered on the John Doe 10 case as the referring

attorney. Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants deny all remaining allegations contained in Paragraph 35.

36.     Defendants admit that on June 28, 2017, a South Carolina state court judge—pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore deny the same.

37.     Defendants admit that on June 28, 2017, a South Carolina state court judge—pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore deny the same.

38.     Defendants admit that JAA secured a lien pursuant to South Carolina Rules of Professional Conduct 1.15(e) over any fees recovered in John Doe 10's case after Defendant Meyers left JAA and John Doe 10 elected to retain Defendant Meyers as counsel because Defendant Meyers alleged JAA was entitled to no fees recovered on John Doe 10's case. Defendants further admit on June 28, 2017, a South Carolina state court judge—pursuant to the Minnesota Settlement Agreement—entered an order regarding the distribution of fees for the John

6

Doe 10 case as follows: "To David Flowers—50%[;] To Gregg Meyers, 50%, allocated 60% to JAA and 40% to Gregg Meyers." Upon information and belief, Defendants understand Plaintiff has been paid 50% of the fee recovered on John Doe 10's case. Defendants deny all remaining allegations contained in Paragraph 38.

39.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 that a contract exists between Plaintiff and Defendant Meyers. Defendants deny all remaining allegations in Paragraph 39.

40.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 that a contract exists between Plaintiff and Defendant Meyers. Defendants deny all remaining allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

**FOR A THIRD CAUSE OF ACTION**
**(Unfair and Deceptive Trade Practices**
**against Defendants Jeffrey Anderson and Anderson & Associates only)**

46. Count III was dismissed by Court and therefore no response is required to Paragraph 46.

47. Count III was dismissed by Court and therefore no response is required to Paragraph 47.

48. Count III was dismissed by Court and therefore no response is required to Paragraph 48.

49. Count III was dismissed by Court and therefore no response is required to Paragraph 49.

50. Count III was dismissed by Court and therefore no response is required to Paragraph 50.

51. Count III was dismissed by Court and therefore no response is required to Paragraph 51.

52. Count III was dismissed by Court and therefore no response is required to Paragraph 52.

53. Count III was dismissed by Court and therefore no response is required to Paragraph 53.

54. Count III was dismissed by Court and therefore no response is required to Paragraph 54.

**FOR A FOURTH CAUSE OF ACTION**
**(Declaratory Judgment against all Defendants)**

55.     In response to Paragraph 55, Defendants repeat and incorporate each response to each Paragraph above as though fully set forth herein.

56.     The allegations in Paragraph 56 state legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to Section 15-53-10 *et seq.* of the South Carolina Code of Law for its true and complete contents.

57.     Mr. Anderson admits he is an attorney and is not admitted to the South Carolina Bar. JAA admits it is a law firm. Defendants deny they currently assert any liens pursuant to South Carolina Rules of Professional Conduct 1.15(e) in South Carolina. Defendants deny all remaining allegation in Paragraph 57.

58.     Defendants admit that pursuant to the Minnesota Settlement Agreement Plaintiff may have an interest in fees in pending cases in South Carolina. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters of the remaining allegations in Paragraph 58 and therefore deny the same.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that JAA secured a lien pursuant to South Carolina Rule of Professional Conduct 1.15(e) over any fees recovered on clients' cases that elected to retain Defendant Meyers as counsel after he left JAA because Defendant Meyers alleged JAA was entitled to no fees recovered on John Doe 10's case. Pursuant to the Minnesota Settlement

Agreement, JAA has now withdrawn all liens. Defendants deny all remaining allegations in Paragraph 60.

61.     Defendants admit that there were court hearings scheduled two times on JAA's liens secured pursuant to South Carolina Rules of Professional Conduct 1.15(e). Defendants deny all remaining allegations in Paragraph 61.

62.     Defendants admit that there were court hearings scheduled two times on JAA's liens secured pursuant to South Carolina Rules of Professional Conduct 1.15(e). Defendants deny all remaining allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refers the Court of Section 15-53-100 of the South Carolina Code of Law for its true and complete contents.

**Demand for Jury Trial**

66.     Defendant admits Counts I and II are triable by a jury, but denies Count IV is triable by a jury.

**Prayer for Relief**

Defendants deny Plaintiff is entitled to any of the relief requested in his prayer for relief.

**Affirmative Defenses**

Defendants assert the following affirmative and additional defenses, without the burden of proof for any issues to which applicable law places the burden on Plaintiff. Moreover, nothing

stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Furthermore, all defenses are pleaded in the alternative, and none constitutes an admission of liability or that Plaintiff is entitled to relief on his claims. Defendants reserve the right to raise additional defenses or claims not asserted herein of which they may become aware through discovery or other investigation, or as otherwise may be appropriate.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Count IV of the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, estoppel, and/or release.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants' complied with applicable law.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants had no knowledge of any contracts between Defendant Meyers and Plaintiff.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants acted in advancement of its legitimate business interests and legal rights when it secured liens pursuant to South Carolina Rules of Professional Conduct 1.15(e).

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because when it secured liens pursuant to South Carolina Rules of Professional Conduct 1.15(e) it did not do so for an improper purpose, such as malice or spite, or through improper means, such as violence of intimation.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because he cannot show any contracts with Defendant Meyers were breached.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because he failed to demonstrate a justiciable controversy under the Uniform Declaratory Judgments Act.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no damages as a result of Defendants' alleged conduct.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff's factual contentions lack evidentiary support, and further investigation and discovery will not provide such support.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff's purported injury has been caused by his own conduct, omissions, delay, and failure to act.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray the Court enter Judgment:

A.      Dismissing the Complaint in its entirety with prejudice;

B.      Awarding Defendants attorneys' fees and expenses incurred herein;

C.      Awarding costs of suit incurred herein; and,

D.      Award such other relief as the Court may deem necessary.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend and/or supplement this Answer and Affirmative Defenses. Defendants reserve the right to raise additional defenses not asserted herein that may be revealed during the course of discovery or other investigation, or that otherwise are found applicable to it.

Dated: September 4, 2018                Respectfully Submitted,

                                        By: /s/ J. Rutledge Young, III

                                        Rutledge Young III (Fed Bar No. 7260)
                                        **DUFFY & YOUNG, LLC**
                                        96 Broad Street
                                        Charleston, SC 29401
                                        Telephone: (843) 270-2044
                                        E-mail: ryoung@duffyandyoung.com

                                        Barry M. Landy (MN# 391307), *pro hac vice*
                                        **CIRESI CONLIN LLP**
                                        225 South Sixth Street, Suite 4600
                                        Minneapolis, MN 55402
                                        Telephone: (612) 361-8200
                                        E-mail: BML@CiresiConlin.com

                                        **ATTORNEYS FOR DEFENDANTS JEFF
                                        ANDERSON AND JEFF ANDERSON &
                                        ASSOCIATES, P.A.**